■    HENRY DENKER, Respondent, v. TWENTIETH CENTURY-FOX FILM CORPORATION et al., Appellants.— Order, entered on November 4, 1960, denying motion by defendants for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice and to dismiss the first cause of action as insufficient in law pursuant to rule 106 of the Rules of Civil Practice, unanimously modified, on the law, to the extent of granting the motion to dismiss the first cause of action, with $10 costs, and otherwise affirmed, with $20 costs and disbursements to the appellants. The first cause of action seeks a decree rescinding a written contract dated June 21, 1954 wherein plaintiff and the defendants Ourslers granted to defendant Twentieth Century-Fox Film Corporation certain exclusive motion picture and other rights in radio and television scripts, stage plays, television kinescopes in a certain work " The Greatest Story Ever Told ". The right to rescission is predicated on the claimed breach of the contract by Fox Film in failing and refusing to complete the proposed motion picture within a period of five years from the date of the contract. In the second cause of action, plaintiff seeks damages for breach of the contract. Defendants Ourslers were made defendants because of their refusal to join as coplaintiffs in this litigation. Although we agree with Special Term that the language of the contract regarding the contemplated completion of the motion picture within five years is of such equivocal character as to sustain the second cause on a motion addressed to the pleadings, we nevertheless conclude that the first cause for rescission may not be maintained by plaintiff because the Ourslers have not joined with plaintiff in seeking such relief. It serves no useful purpose to attempt to label the relationship between plaintiff and the Ourslers in the contract. Words of art such as tenants in common, joint tenants, joint obligors or joint venturers have acquired secondary significance in the law which are inapplicable to the instant situation. But one salient fact emerges from the relationship and that is that plaintiff and the Ourslers contracted as an entity with Fox Film. Plaintiff may not unilaterally sever that legal entity, without the assent and against the will of the Ourslers by any step which would contemplate the destruction of the contractual rights of the Ourslers. This is particularly so where it is not alleged that the Ourslers have wronged plaintiff, and where it appears that the Ourslers desire to preserve their rights under the contract and wish the contract to be performed. Rescission may not be sought by one of several parties joined as an entity in a contract without the consent or against the objections of the others (see 3 Black, Rescission and Cancellation [3d ed.], § 552). Therefore, plaintiff's first cause of action should have been dismissed. · Apart from the objection above noted, some of the members of the court would hold that the first cause of action is defective on the additional ground that it fails to allege a tender, or willingness or ability to tender, all or any part of the minimum royalty payment made by Fox Film to plaintiff and the Ourslers; and that section 112-g of the Civil Practice Act does not apply because the complaint is based upon a material breach or repudiation of the contract rather than on a claim of fraud, misrepresentation, mistake

or duress — the only instances, aside from infancy and incompetence, in which section 112-g excuses tended. Concur — Valente, J. P., McNally, Eager and Bastow, JJ. [26 Misc 2d 1035.]