Opinion by
Mr. Chief Justice McWilliams.
Gypsum Aggregates Corporation, a Colorado corporation hereinafter referred to as the plaintiff, filed a complaint under R.C.P. Colo. 105 wherein it sought a determination of the geologic nature of a designated mineral deposit and a further determination as to whether the deposit in question was subject to location as a placer mining claim or a lode mining claim under the applicable mining laws of the State of Colorado and the United States. Named as defendants in this proceeding were one Joseph H. Lionelle, hereinafter referred to as the defendant, and “all unknown parties who may have an interest therein.” The defendant by a third party complaint brought in third party defendants, each of whom then filed disclaimers. Essentially then, this is a dispute between the plaintiff and the defendant and, as indicated, relates to conflicting claims to certain gypsiferous deposits located in Fremont County. The plaintiff sought a declaration that it had the only valid claim to these deposits, and the defendant by answer asserted his ownership and right to possession of the deposits here in question and asked that he be decreed to be the owner thereof.
Upon trial to the court the main issue was whether the deposit here in question was subject to location as a lode mining claim or as a placer mining claim. It was the position of the plaintiff that the deposit was lode in nature, whereas the defendant contended that the deposit was placer in nature. Each offered evidence in *284 support of his or its respective position, the plaintiff offering the deposition of a geology professor and the defendant calling as witnesses on his behalf a mining engineer, a geologist and several practical miners.
Based upon conflicting evidence the trial court made detailed findings of fact and conclusions of law and found, among other things, that the deposit under consideration was placer in nature and not lode. In conformity with such finding the trial court entered judgment in favor of the defendant and decreed him to be the owner of the Maverick Placer Claim. By writ of error the plaintiff seeks reversal of the judgment thus entered.
 The motion for new trial, filed by counsel other than counsel who orally argued the case in this court-, asked for a new trial on the sole ground that “the decision in this matter was based on insufficient evidence.” Such a motion is itself “insufficient” under our holding in Martin v. Opdyke Agency, 156 Colo. 316, 398 P.2d 971. Be that as it may, the contention itself is without merit. The controverted issue as to the nature of these gypsiferous deposits was an issue of fact and there being competent evidence to support the trial court’s finding that this is a placer deposit, its determination of the matter must on review be upheld by us. See Harvey v. Irvin, 156 Colo. 391, 401 P.2d 266.
In this court the main argument centers around the failure of the trial court to appoint a master to hear and determine the controversy. This particular matter was first raised by plaintiff after all the evidence in the case had been presented and then, with an adverse ruling staring plaintiff in the face, the request was first made to refer the entire dispute to a “local expert from the Colorado School of Mines to re-examine this as a master, with the full understanding that we [the plaintiff] would be happy to rely upon his opinion as a final disposition as to the status of this as a lode or placer claim.” In fairness to the plaintiff it should be noted that shortly *285 prior to trial plaintiff did file a Motion for Geological Examination. However, when the case came on for trial counsel for plaintiff did not press for a ruling on this motion but on the contrary stated that he had no objection to the trial court deferring its ruling thereon till all the evidence had been presented. Then, after all the evidence was in, counsel for the first time suggested referral of the matter to a master. The trial court denied the request for referral to a master and also denied plaintiff’s request for a geological examination.
As above indicated, this particular point was not raised in plaintiff’s motion for new trial. However, in this court the matter is vigorously pursued and is the main reason advanced as to why we should reverse the judgment of the trial court. This argument we deem to be without merit.
In the first place, the question not having been presented in the motion for new trial, it should not now be considered by us on review. R.C.P. Colo. 59 (f). Secondly, under R.C.P. Colo. 53 the appointment of a master is a discretionary matter — not a matter of right — and referral of a case to a master is declared to be the “exception and not the rule.” Certainly the trial court under the circumstances mentioned above committed no error in denying plaintiff’s belated request for a referral of the controversy to a master.
Judgment affirmed.
Mr. Justice Hodges and Mr. Justice Lee concur.