JUSTICE ERICKSON
delivered the opinion of the Court.
The petitioner, Lee E. Stubblefield, a judgment debtor, seeks a writ of prohibition to require the district court to vacate a bench warrant for his arrest for failure to appear and submit to examination as to his assets pursuant to C.R.C.P. 69. We issued a rule to show cause and, for the reasons set forth in this opinion, now discharge the rule.
After obtaining a judgment against the petitioner in Perry Park Metropolitan District v. Colorado Western Development Company (No. 4798),[1] plaintiffs, W. V. Kniffin and Evelyn Kniffin, filed a motion *571 for a citation and order pursuant to Rule 69. The trial court subsequently issued a citation directing the petitioner to appear and to give testimony at a hearing concerning his property and assets. Service of the citation was made on his attorneys, pursuant to C.R.C.P. 5(b),[2] and on Opal Jones, who was allegedly his stenographer, bookkeeper, or chief clerk, as defined in C.R.C.P. 4(e)(1).
Prior to the scheduled hearing, the Kniffins’ attorneys filed a motion for a bench warrant commanding the petitioner’s arrest. The motion asserted that the petitioner was in Mexico and would not appear at the scheduled hearing. In response to the Kniffins’ motion, the petitioner, by his attorney, entered a special appearance before the district court to contest the court’s jurisdiction to issue the bench warrant. The petitioner claimed that he had not been personally served with the Rule 69 order. He also submitted an affidavit signed by Opal Jones stating that she was not the stenographer, bookkeeper, or chief clerk of the petitioner and, thus, could not accept substituted service for the petitioner. C.R.C.P. 4(e)(1).
On the day originally scheduled for the Rule 69 hearing, the trial court took testimony of the Kniffins’ motion. Lyle Jordan, process server, testified that he served Opal Jones at the petitioner’s business office, and that, on several prior occasions, she had accepted service on behalf of the petitioner. According to his testimony, Jones did not deny being the petitioner’s secretary, although she indicated that she did not want to be served at that time.
At the conclusion of the hearing, the trial court held that service of a Rule 69(d) citation to appear was proper if it complied with the provisions of Rule 4(e)(1). The court found that Opal Jones had been held out as the petitioner’s stenographer or chief clerk, and, accordingly, ruled that the service effected upon her in that capacity was valid against the petitioner. The trial court then issued a bench warrant for the petitioner’s arrest.
Rule 69(d)(2) provides:
“If the judgment debtor, after being properly served with the order, fails to appear, the court may issue a bench warrant commanding the sheriff to arrest the judgment debtor and to bring him before the court for proceedings under this rule” (Emphasis added.)
Rule 69 does not state which provisions in the rules should be considered to determine whether the judgment debtor has been properly served.
The petitioner asserts that personal service in compliance with C.R.C.P. 45 is required in a Rule 69 proceeding. Rule 45(c) provides that *572 witnesses named by a subpoena must be personally served with a copy of the order and that one day’s witness fees and mileage allowance must be tendered. In support of his argument, the petitioner cites Rule 69(g) which states that “witnesses may be required to appear and testify in proceedings under this Rule in the same manner as upon trial of an issue.”
We disagree with petitioner’s construction. Rule 69 contemplates that three types of individuals may be required to appear in the proceedings: (1) the judgment debtor, (2) the debtor of the judgment debtor, and (3) such other witnesses as are needed to testify on matters relating to the proceedings. Rule 69(g), however, provides only for personal service, pursuant to Rule 45, on witnesses other than the judgment debtor. Although a judgment debtor may testify as a witness in a Rule 69 hearing, he is not a witness within the purview of Rule 45 for the purposes of service of process.[3]
The trial court held that service of the court’s order on the judgment debtor was to be made under the provisions of Rule 4, and the service upon Opal Jones satisfied the Rule.
Rule 4(e)(1) requires either personal service on the party or substituted service “at his usual place of business, with his stenographer, bookkeeper, or chief clerk . . . .” Whether that personal or substituted service has been properly made, however, is a question of fact to be resolved by the trial court. Yates v. Tatum, 60 Colo. 484, 155 P. 328 (1915). When there is evidence in the record to support the trial court’s findings, we will not substitute our judgment for that of the trial court. Yates v. Tatum, supra. See Gypsum Aggregates Corp. v. Lionelle, 170 Colo. 282, 460 P.2d 780 (1969); Carroll v. Barnes, 169 Colo. 277, 455 P.2d 644 (1969); Harvey v. Irvin, 156 Colo. 391, 401 P.2d 266 (1965).
In this case, there was evidence to support the trial court’s finding that service on Opal Jones satisfied the requirements for substituted service under Rule 4. At the hearing, the trial court heard evidence from Lyle Jordan that contradicted the affidavit submitted by Opal Jones. It was within the province of the trial court to resolve conflicts in the testimony and to determine whether service had been perfected pursuant to Rule 4(e)(1).
Accordingly, the rule is discharged.

 An appeal has been filed in the court of appeals (No. 79CA0200), but a stay of execution has not been granted.

 Service on an attorney in accordance with the provisions of Rule 5(b) does not satisfy the requirements of Rule 69.

 The specific provisions in Rule 69(d)(1), directing the court to compensate the judgment debtor with expenses and mileage fees only in cases where the debtor is required to appear outside of his county of residence, directly contravene the Rule 45 requirement that tender of witness fees is necessary to effect proper service.