George D. LANES, Plaintiff-Appellant,

v.

Robert J. SCOTT, State Auditor of the State of Colorado; the State Personnel Board of the State of Colorado; and Randall C. Mustain-Wood, Jan Knoup, B.A. Arguello, Raymond C. Delisle and Tucker K. Trautman, Members of the State Personnel Board, Defendants-Appellees.

No. 83CA0815.

Colorado Court of Appeals, Div. III.

Aug. 16, 1984.

Mangan & Katz, Thomas J. Mangan, Lawrence Katz, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff, George D. Lanes, appeals the judgment of the trial court dismissing his complaint for judicial review of a decision by the defendant State Personnel Board because he failed to file his opening brief in time. We reverse.

Plaintiff was terminated from his employment with the State Auditor's Office after he publicly disclosed facts regarding an audit of the Department of Revenue. Plaintiff made his disclosure to members of the General Assembly because he was dissatisfied with the progress of the audit. He appealed the propriety of his termination on the ground that his activity was protected by § 24-50.5-103, C.R.S. (1982 Repl. Vol. 10). The hearing officer found that plaintiff's disclosure was lawful, and that his termination was retaliatory. The Board reversed the hearing officer, finding that plaintiff's disclosure was unjustified and that his termination was not retaliatory.

On February 3, 1983, plaintiff filed a complaint with the trial court pursuant to § 24-4-106, C.R.S. (1982 Repl.Vol. 10), seeking judicial review of the decision of the Board upholding his termination by the State Auditor, defendant Robert J. Scott. The defendants filed a timely answer. On April 5, 1983, the record for judicial review was filed with the trial court. Section 24-4-106(4), C.R.S. (1982 Repl.Vol. 10) provides that the parties shall file briefs with the trial court within the time periods specified in the Colorado Appellate Rules. C.A.R. 31(a) provides that the appellant, or in this case the party seeking judicial review, shall file an opening brief within 40 days of the date on which the record for review is filed with the court. Plaintiff failed to file an opening brief within the 40 day period. On May 25, 1983, defendants filed a motion to dismiss the complaint for failure to prosecute pursuant to C.R.C.P. 121 § 1-10.

On June 1, 1983, prior to receiving plaintiff's response to the motion to dismiss, the trial court dismissed plaintiff's complaint with prejudice. Plaintiff filed an objection to defendant's motion to dismiss on June 8, in which he alleged excusable neglect; and on June 10, he also filed a motion for extension of time to file an opening brief. Plaintiff filed his opening brief with the trial court on June 14. On June 17, plaintiff filed a motion for reconsideration or, in the alternative, for relief from the order of dismissal. A hearing was held on June 30, in which the trial court denied plaintiff's motion for reconsideration ruling that dismissal was mandatory.

On appeal, plaintiff contends that, pursuant to C.R.C.P. 121 §§ 1-10 and 1-15, the trial court was required to consider his

allegation of excusable neglect before ruling on the Board's motion to dismiss his complaint with prejudice. We agree.

■ Contrary to the trial court ruling, dismissal was not mandatory. Rather, it is within the discretion of the trial court to dismiss a complaint for judicial review of state administrative action for failure to comply with the statutory time limitations for filing briefs. *Warren Village, Inc. v. Board of Assessment Appeals*, 619 P.2d 60 (Colo.1980).

■ Further, failure by the trial court to comply with the procedural requirements contained in C.R.C.P. 121 §§ 1–10 and 1–15 before ruling on a motion to dismiss for failure to prosecute constitutes an abuse of discretion.

The pertinent provisions of C.R.C.P. 121 § 1–10 provide:

"1. Upon due notice to the opposite party, any party to a civil action may apply to have any action dismissed when such action has not been prosecuted or brought to trial with due diligence.

2. The court, on its own motion, may dismiss any action not prosecuted with due diligence, upon 30 days' notice in writing to each attorney of record and each appearing party not represented by counsel, or require the parties to show cause in writing why the case should not be dismissed. Showing of cause and objections thereto shall be determined in accordance with Practice Standard § 1–15 (Determination of motions)."

■ C.R.C.P. 121 § 1–15 provides that where a party files a motion involving a contested issue of law,

"[a] responding party shall have 15 days or such lesser or greater time as the court may allow in which to file and supply the courtroom clerk with a responsive brief."

Thus, unless the trial court specifically provides for a lesser or greater amount of time, a party against whom a motion to dismiss is filed shall have 15 days in which to file his objections. Here, plaintiff filed a response within 15 days of defendant's motion to dismiss. Although the decision on a motion to dismiss is within the discretion of the trial court, failure to consider a timely response to the motion constitutes an abuse of discretion.

The judgment of the trial court dismissing plaintiff's complaint with prejudice is reversed, and the cause is remanded to the trial court with directions to consider plaintiff's response to defendant's motion to dismiss pursuant to C.R.C.P. 121 §§ 1–10 and 1–15.

KELLY and METZGER, JJ., concur.