**The PEOPLE of the State of Colorado, In the Interest of R.F.A., A Child.**

**Upon the Petition of the PUEBLO COUNTY DEPARTMENT OF SOCIAL SERVICES and M.A. (Mother) as Next Friends, Petitioners–Appellees.**

**And Concerning:**

**R.A., Respondent-Appellant.**

**No. 86CA1147.**

Colorado Court of Appeals, Div. III.

May 14, 1987.

Rehearing Denied June 18, 1987.

Certiorari Denied (People) Oct. 5, 1987.

Napoleon S. Crews, Jr., Pueblo, for petitioners-appellees.

Hernandez, Schiferl & Martinez-Hernandez, Dolores Martinez-Hernandez, Pueblo, guardian ad litem.

Dorothy A. Radakovich, Pueblo, for respondent-appellant.

VAN CISE, Judge.

R.A. appeals from a trial court judgment based on a jury verdict which determined that he is the father of R.F.A. (the child). We affirm.

The mother, M.A., gave birth to the child in 1977. In December 1979, a petition was filed with the trial court seeking to establish a father-child relationship between R.A. and the child. In the spring of 1980, the trial court granted R.A.'s motion for blood tests, the results of which showed that R.A. was not excluded as the probable father of the child and that the probability of R.A. being the child's parent was 98.6 percent.

Trial of the matter was set for March 25, 1981. This date was vacated, and the matter was reset for trial on July 15, 1981. For reasons not apparent from the record, trial was not conducted on that date, nor was it rescheduled for another time.

On August 1, 1984, following a three year period of inactivity, the trial court sent a "Court Dismissal Notice" (notice) to the parties. The notice stated that an order of dismissal without prejudice would be entered on September 10 unless cause was shown by written motion why the case should not be dismissed. Neither the mother, the Department of Social Services (department), nor the guardian ad litem responded to the notice. However, on August 23 the guardian ad litem filed a petition for substitution of counsel, which was granted on August 29. Thereafter, the trial court ordered a status conference to be held on October 24, at which time the matter was set for trial.

Prior to trial, R.A. filed a motion to dismiss, asserting that the trial court had abused its discretion in failing to dismiss the matter pursuant to its notice of August 1, 1984, and requesting that the trial court dismiss the matter pursuant to C.R.C.P. 41(b)(1) and C.R.C.P. 121 § 1–10(1) and (5). This motion was denied. The matter proceeded to trial in April 1986, as a result of which R.A. was determined to be the father of the child.

I.

R.A. first contends that the trial court abused its discretion in refusing to dismiss the matter for failure to prosecute pursuant to its notice of August 1, 1984, and in denying R.A.'s motion for dismissal. We disagree.

Pursuant to C.R.C.P. 41(b) and C.R.C.P. 121 § 1–10, a trial court may, on its own motion or that of a defendant, dismiss an action not prosecuted with due diligence. The decision whether to dismiss for failure to prosecute lies within the sound discretion of the trial court, but must be made with consideration for the trial court's primary function to afford a forum to settle matters on their merits. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340 (Colo.1985). If an unusual or unreasonable delay in prosecution is attended by mitigating circumstances or a reasonable excuse for the delay, the trial court may decline to dismiss the case. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra.*

C.R.C.P. 121 §§ 1–10 and 1–15 set forth the procedures by which cause must

be shown to retain a case on the trial court's docket and objections must be made when a motion to dismiss has been filed. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., supra.* Failure by the trial court to comply with the procedural requirements set forth in C.R.C.P. 121 § 1–15 in ruling on a motion to dismiss for failure to prosecute constitutes an abuse of discretion. *Lanes v. Scott,* 688 P.2d 251 (Colo.App.1984).

Here, the parties, not the trial court, failed to comply with the procedures set forth in C.R.C.P. 121 §§ 1–10 and 1–15. These rules do not require the trial court to dismiss after issuing a notice of dismissal; rather, the decision to dismiss is entrusted to the court's discretion. *See Lanes v. Scott, supra.*

■ We find no abuse of discretion in the court's refusing to dismiss. The trial court determined that the reason for the three-year delay—mother's move to another state with the child without notice of their whereabouts—together with the child's rights to know his father, to seek support from him, and to inherit from him, required denial of R.A.'s motion to dismiss. This determination was well within the trial court's discretion.

### II.

R.A. next contends that the trial court erred in instructing the jury pursuant to § 19–6–105(1)(f), C.R.S. (1986 Repl.Vol. 8B) that he was presumed to be the biological father of the child because the results of the blood test did not exclude him as the probable father and showed that the probability of his being the child's parent was 98.6 percent. He argues that this statutory presumption, which was enacted in 1983, cannot be applied retroactively. We disagree.

■ Changes in statutes are presumed to be prospective in operation, and retrospective legislation is prohibited. *Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo.App.1983); *see* Colo. Const. art. II, § 11; § 2–4–202, C.R.S. (1980 Repl.Vol.

1B). However, changes in procedural law are applicable to existing causes of action, unless a contrary intent is expressed in the statute. *Krumback, supra.* Changes in the burden of proof are procedural and should be applied retroactively. *Krumback, supra.*

■ Under the statutory scheme in effect at the time the child was conceived, the results of blood tests taken pursuant to § 13–25–126, C.R.S., were admissible evidence in paternity proceedings. *See* § 19–6–112, C.R.S. (1986 Repl.Vol. 8B). The only effect adoption of the presumption of paternity set forth in § 19–6–105(1)(f), C.R.S. (1986 Repl.Vol. 8B) had on existing law was to shift the burden of going forward to R.A., requiring him to rebut the presumption with clear and convincing evidence. *See* § 19–6–105(2), C.R.S. (1986 Repl.Vol. 8B). Thus, the presumption is procedural, and retroactive application is proper. *See Krumback v. Dow Chemical Co., supra.*

R.A. also asserts that the blood tests were not admissible because they were not administered pursuant to § 13–25–126, C.R.S. (1986 Cum.Supp.). He argues that he was prohibited from obtaining an additional blood test as permitted by that statute because the mother and the child had moved to another state. However, R.A. did not request an additional test, so he was not entitled to one. *See* § 13–25–126(1)(b), C.R.S. (1986 Cum.Supp.) Accordingly, we perceive no error in the administration of the blood tests, and the trial court did not err in instructing the jury as to the presumption of paternity.

Judgment affirmed.

STERNBERG and CRISWELL, JJ., concur.