Verna WEATHERLY,
Plaintiff-Appellant,

v.

Charles A. ROTH, Defendant-Appellee.

No. 86CA1015.

Colorado Court of Appeals,
Div. III.

Aug. 20, 1987.

Waldbaum, Corn, Koff & Berger, P.C., Michael H. Berger, Denver, for plaintiff-appellant.

Roath & Brega, P.C., David W. Stark, Penny Rodeen Bertelsen, Terence M. Ridley, Denver, for defendant-appellee.

TURSI, Judge.

Verna Weatherly, plaintiff, appeals the judgment of dismissal and award of attorney fees against her and in favor of Charles A. Roth, defendant. We reverse and remand.

Plaintiff sued defendant in June 1984, alleging fraud, breach of fiduciary obligations, violation of the Colorado Securities Act, and intentional torts. Defendant made discovery requests, and moved for sanctions when plaintiff failed to respond. Plaintiff's attorney withdrew in December 1985.

In January 1986, the trial court ordered plaintiff to hire an attorney by March 14, 1986, and to respond to defendant's discovery requests by March 28, 1986. The order stated that no further extensions would be granted and failure to comply would result in sanctions under C.R.C.P. 37. Plaintiff did not hire an attorney within the stated time, but wrote to the trial court on March 17, 1986, to explain her problems.

On March 20, 1986, based on plaintiff's failure to hire an attorney, defendant moved for dismissal with prejudice and an award of attorney fees. On April 2, 1986, the trial court granted defendant's motion, awarding $12,110.71 for all attorney fees incurred by defendant. Judgment was entered April 24, 1986.

On appeal, plaintiff contends that the trial court erred in ordering her to hire an attorney. We agree. We find no legal basis here for this requirement. *See* Colo. Const. art. II, § 6; *cf. Board of County Commissioners v. Howard*, 640 P.2d 1128 (Colo.1982), *appeal dismissed*, 456 U.S. 968, 102 S.Ct. 2228, 72 L.Ed.2d 841 (1982). We are not persuaded by defendant's argument that the order was a permissible discovery sanction. Further, as plaintiff's failure to hire an attorney was the foundation for the order of dismissal, we also consider that order improper.

Plaintiff also contends that the trial court erred in granting defendant's motion only twelve days after it was filed. Again, we agree. A party has fifteen days to respond to a motion, unless the court allows a different time. C.R.C.P. 121 § 1-15(1). The trial court abused its discretion in not following the applicable rules of procedure. *See Maxwell v. W.K.A. Inc.*, 728 P.2d 321 (Colo.App.1986).

Plaintiff asserts that dismissal with prejudice was an unduly severe sanction

for failure to comply with a discovery order. While we agree that dismissal was improper in this case, we note that dismissal may be an appropriate sanction under C.R.C.P. 37(b)(2)(C). *Muck v. Stubblefield*, 682 P.2d 1237 (Colo.App.1984); *McRill v. Guaranty Federal Savings & Loan Ass'n*, 682 P.2d 498 (Colo.App.1984).

Plaintiff finally contends that the award of attorney fees was improper. We agree. The award must be reversed because the case was not properly dismissed.

However, even if the case had been properly dismissed, the award would not have been proper because the trial court failed to make the necessary findings. If the award was based on defendant's motion for discovery sanctions, it should have been limited to the fees caused by plaintiff's failure to obey the order. C.R.C.P. 37(b)(2). If the award was based on defendant's claim that the action was frivolous and groundless, the trial court should have made the specific findings required under §§ 13–17–101 to 13–17–103, C.R.S. (1986 Cum.Supp.).

The judgment of dismissal and award of attorney fees are reversed, and the cause is remanded to the trial court with directions to reinstate the matter and for further proceedings consistent with the Colorado Rules of Civil Procedure and the views herein expressed.

KELLY and CRISWELL, JJ., concur.