**MOUNTAIN STATES PROPERTIES, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**Stephen L. ROBINSON, Kari L. Robinson, and Stephen & Company, a general partnership, Defendants–Appellees.**

No. 86CA1009.

Colorado Court of Appeals, Div. V.

Sept. 29, 1988.

Rehearing Denied Oct. 20, 1988.

Certiorari Denied March 13, 1989.

David L. Mitchell, Fort Collins, for plaintiff-appellant.

March & Myatt, P.C., Ramsey D. Myatt, Louise F. Miller, Fort Collins, for defendants-appellees.

FISCHBACH, Judge.

Plaintiff, Mountain States Properties, Inc., appeals the dismissal of its claims against defendants, Stephen L. Robinson, Kari L. Robinson, and Stephen & Company. We reverse and remand.

Plaintiff had an open listing to sell certain property. While the listing was in effect, defendants allowed plaintiff to use their office facilities, and plaintiff agreed to participate with defendants in co-listings. As part of this arrangement, plaintiff and defendants jointly prepared a notebook about one of the listed properties. Copies of the notebook were distributed to prospective buyers, but no sale was made.

The relationship between the parties deteriorated, plaintiff moved out of defendants' office, and the listing on the property at issue expired.

Later, another real estate company contacted defendants to discuss either listing or buying the property in question. Defendants gave a copy of the notebook to the company, which eventually listed and sold the property. Defendants were paid $49,360.09 by the company when the property was sold.

Plaintiff brought this action against defendants for one-half of the fee and for an accounting. The trial court determined there was no joint venture between the parties and that plaintiff had failed to prove its entitlement to common law copyright protection for the notebook. Accordingly, it dismissed plaintiff's claims.

## I

■ Plaintiff contends that the finding of no joint venture was unsupported by the evidence. Whether a joint venture exists is a question of fact. *Garrett v. Kimbrel*, 151 Colo. 95, 376 P.2d 376 (1962). There is evidentiary support for the trial court's finding that "the necessary meeting of minds for the formation of a joint venture never occurred," and thus, it will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). We cannot substitute our judgment for that of the trial court. *Stubblefield v. District Court*, 198 Colo. 569, 603 P.2d 559 (1979).

## II

Plaintiff argued in the trial court that as a joint producer and owner of the notebook, it held a common law copyright covering the notebook and was entitled to a share of the profits on the sale of the property described therein. The trial court's conclusion that there was no common law copyright infringement in this case was correct, but we conclude that the trial court erred in denying relief to plaintiff as a joint owner of the notebook and therefore reverse.

We note that the trial court made no specific findings concerning the issue of joint ownership. If a trial court has made no findings on a particular question, this court may determine "pure questions of law when it is warranted and supported by a record which could produce no other result." *Gross v. Appelgren*, 171 Colo. 7, 467 P.2d 789 (1970).

■ The evidence is undisputed that the notebook at issue was prepared jointly to further the sale of the co-listed property. A joint work is "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." *Meltzer v. Zoller*, 520 F.Supp. 847 (D.N.J. 1981); 17 U.S.C. § 101 (1982). Such joint laboring in furtherance of a common design is joint authorship. *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266 (2d Cir.1944); *see Meltzer v. Zoller, supra*. Each contributor to a joint work automatically acquires an undivided ownership in the entire work. *Pye v. Mitchell*, 574 F.2d 476 (9th Cir.1978); *see Schumann v. Albuquerque Corp.*, 664 F.Supp. 473 (D.N.M.1987); *see also Denker v. Twentieth Century–Fox Film Corp*, 26 Misc.2d 1035, 210 N.Y.S.2d 241 (1960), *modified on other grounds*, 13 A.D.2d 627, 213 N.Y.S.2d 214, *affirmed*, 10 N.Y.2d 339, 223 N.Y.S.2d 193, 179 N.E.2d 336 (1961). Each owner of an undivided interest is entitled to use or dispose of the property, but is also required to account to any other co-owner for any profits made. *Oddo v. Ries*, 743 F.2d 630 (9th Cir.1984).

Here, it is uncontroverted that the notebook at issue was prepared jointly to further the sale of the property and that prior to the controversy, defendants received a letter from the real estate company which sold the property, confirming payment of the fee for the notebook. This was corroborated at trial by testimony that the $49,360.09 was paid to the defendants specifically for the notebook. Defendants must therefore account to plaintiff for the profits.

■ Defendants argue that plaintiff's claim is really an action for infringement of copyright and thus can only be brought in federal court. We disagree.

Although defendants are correct that a cause of action for copyright infringement is only cognizable in federal court pursuant to 28 U.S.C. § 1338, plaintiff's claim was mischaracterized in the trial court as an action on "common law copyright." Instead, it is an action between joint owners for an accounting of profits. *See Oddo v. Ries, supra.* Even if the creators of the notebook are entitled to copyright protection, there can be no federal claim between co-owners for copyright infringement because each co-owner has an independent right to use or license the use of the copyright. *Oddo v. Ries, supra.* Accordingly, here, the duty to account is not derived from principles of copyright infringement, but from "equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." *Harrington v. Mure,* 186 F.Supp. 655 (S.D. N.Y.1960).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

VAN CISE and PLANK, JJ., concur.