**Dean OGAWA, Plaintiff–Appellee,**

v.

**Thomas R. RILEY, Defendant,**

**and concerning The Insurance Company of the State of Pennsylvania, Appellant.**

**No. 96CA1778.**

Colorado Court of Appeals, Div. V.

Nov. 28, 1997.

William E. Myrick & Associates, William E. Myrick, David Hollar, Denver, for Plaintiff–Appellee.

No Appearance for Defendant.

Kennedy & Christopher, P.C., Elizabeth A. Starrs, John R. Mann, Denver, for Appellant.

Opinion by Judge CASEBOLT.

In this post-judgment proceeding involving liability on a surety bond, The Insurance Company of the State of Pennsylvania (surety), appeals the judgment entered in favor of plaintiff, Dean Ogawa. We reverse and remand for further proceedings.

Plaintiff obtained a judgment against defendant, Thomas R. Riley, for the principal sum of $513,000 plus interest and attorney fees. In order to stay execution on the judgment for a period of time, defendant obtained a surety bond through surety in the sum of $250,000. The stay was initially to be effective until a notice of appeal was filed by defendant.

When defendant filed his notice of appeal, he also sought a further stay of execution. The trial court conditioned a further stay upon the posting of a bond for the principal sum of $950,000. Defendant did not post any further bond.

After defendant had initiated the appeal, he and plaintiff stipulated to dismiss it. Six days after this court dismissed the appeal pursuant to the stipulation, plaintiff filed a motion to enter judgment against surety on the bond, which the trial court granted on the same day. Surety appeals that judgment.

Surety contends that the trial court erred in entering judgment because it was not afforded adequate notice and time under C.R.C.P. 121 § 1–15 to respond to plaintiff's motion seeking to impose liability on the bond pursuant to C.R.C.P. 65.1. Surety also asserts that the judgment is void because the trial court lacked jurisdiction to enter judgment against it until this court had issued its mandate dismissing the appeal. We agree with the first contention and therefore need not address the remaining issue.

C.R.C.P. 65.1 governs proceedings against sureties. It states, in pertinent part, that: "The motion [to enforce liability against the surety] and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known." This rule requires notice to be sent to a surety when a motion to enforce its liability is filed with the court. *Cf. Beatrice Foods Co. v. New England Printing & Lithographing Co.,* 930 F.2d 1572 (Fed.Cir.1991) (under similar Fed.R.Civ.P. 65.1, notice is required to be given to a surety).

C.R.C.P. 121 § 1–15(1) requires any motions involving a contested issue of law to be served on all other parties and grants the responding party fifteen days or such lesser or greater time as the court may allow in which to file a response.

Unless the trial court specifically provides for a different amount of time, a party against whom a motion is filed must be afforded fifteen days in which to file its response or objections. *Lanes v. Scott,* 688 P.2d 251 (Colo.App.1984). *See also Weatherly v. Roth,* 743 P.2d 453 (Colo.App.1987) (trial court erred in granting motion to dismiss only twelve days after it was filed).

Here, plaintiff filed a motion for judgment against surety on August 21, 1996, and the trial court entered judgment on the same date. Because surety was not afforded fifteen days to respond to plaintiff's motion, the judgment cannot stand. *See Weatherly v. Roth, supra.*

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and KAPELKE, JJ., concur.