Aryless L. SYNAN and Mark L. Synan, Plaintiffs–Appellees,

v.

Kazuyuki HAYA, Defendant,

and

American Standard Insurance Company of Wisconsin, Defendant–Appellant.

No. 99CA0175.

Colorado Court of Appeals, Div. II.

July 20, 2000.

Rehearing Denied Aug. 31, 2000.

Certiorari Denied Dec. 18, 2000.

Cooksey & Cooksey, Michael Cooksey, Littleton, Colorado, for Plaintiffs–Appellees.

Harris, Karstaedt, Jamison & Powers, P.C., Robert Ward Harris, A. Peter Gregory, Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, American Standard Insurance Company of Wisconsin, appeals a judgment against its insured, Kazuyuki Haya, in favor of plaintiffs, Aryless L. Synan and Mark L. Synan. We reverse and remand.

The facts are not in significant dispute. Plaintiffs are husband and wife. The wife was injured in an automobile accident in which her car was struck by the car operated by defendant's insured, and her husband asserted a derivative claim for loss of consortium. The insured, an exchange student from Japan, reported the accident to defendant, gave a statement, and apparently returned to Japan before the complaint was filed.

The record reveals that plaintiffs made an unsuccessful effort through domestic sources to obtain an address for defendant's insured in Japan, including through the enrollment office of the university he was attending and the Japanese Consulates in Denver and San Francisco. It is apparently conceded that no effort was made in Japan to locate the insured there and that he was not personally served.

Plaintiffs then amended their complaint to state a *quasi in rem* cause of action against the insurance policy issued by defendant and sought to attach the policy pursuant to C.R.C.P. 102, asserting that it was property of the insured in the possession of defendant and thus subject to attachment under the provisions of that rule. The trial court granted the motion to attach the insurance policy.

Over defendant's objection, the trial court authorized service on the insured by publication in a Denver-area newspaper pursuant to C.R.C.P. 4(g). The insured did not appear or answer the complaint, and a default judgment was entered against him in the amount of the policy limits. Defendant now appeals that judgment.

### I.

Defendant contends that the trial court erred when it entered a default judgment as to liability against its insured without obtaining personal jurisdiction over the insured. We agree.

### A.

The parties do not contest that an insurance policy is nonexempt property subject to prejudgment attachment pursuant to C.R.C.P. 102. *See Baker v. Young,* 798 P.2d 889 (Colo.1990) (answering this precise question as certified from the Tenth Circuit Court of Appeals).

Defendant asserts, plaintiffs concede, and we agree, that Colorado law does not permit an injured party to bring a direct action against the alleged tortfeasor's insurance company. *All Around Transport, Inc. v. Continental Western Insurance Co.,* 931 P.2d 552 (Colo.App.1996).

The parties also agree that defendant's insured was not personally served and that the matter was to proceed solely as a *quasi in rem* action against the insurance policy. Accordingly, we must first consider whether the substituted service employed here, publication in a Denver-area newspaper, comports with the applicable requirements of constitutional due process for a *quasi in rem* action. We conclude that it does not.

Colorado's long-arm statute, § 13–1–124(1)(b), C.R.S.1999, authorizes the trial courts to exercise personal jurisdiction over nonresidents who commit torts within the state to the maximum extent permitted by the constraints of the due process clauses of the United States and Colorado constitutions. *Martinez v. Farmington Motors, Inc.,* 931 P.2d 546 (Colo.App.1996). Accordingly, if defendant's insured were properly served, even in Japan, the trial court would have personal jurisdiction over him in the underlying tort case.

Due process requires at a minimum, however, that a party receive adequate notice of the proceeding and an opportunity to be heard, regardless whether the action is *in personam, in rem,* or *quasi in rem.* Such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

When a party can be identified, service by publication does not comport with the requirements of due process when other methods are available and would be more likely to give the party actual notice of the proceeding. *Friends of Chamber Music v. City & County of Denver*, 696 P.2d 309 (Colo. 1985). Instead, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co., supra*, 339 U.S. at 315, 70 S.Ct. at 657, 94 L.Ed. at 874.

As a threshold matter, plaintiffs argue that the constitutionality of a particular method of substituted service is a question of fact to be decided by the trial court, and that its decision is therefore binding on us. While it is true that the trial court's findings on contested issues of fact relevant to the constitutional adequacy of substituted service are binding on this court, if supported by evidence in the record, the ultimate issue of whether any particular method of service is constitutionally sufficient is a question of law that we review *de novo* in the light of the trial court's findings. *See Stubblefield v. District Court*, 198 Colo. 569, 603 P.2d 559 (1979); *Closed Basin Landowners Ass'n v. Rio Grande Water Conservation District*, 734 P.2d 627 (Colo.1987).

Accordingly, for purposes of review, we will accept as true the uncontested statements of the process server employed by plaintiffs to serve defendant's insured as set forth in his affidavit, which were relied upon by the trial court. His affidavit reveals, in pertinent part, that he searched the records of the Department of Motor Vehicles to obtain the insured's address; that he made several attempts to contact the insured at that address without success; that a neighbor indicated the insured no longer resided there; that the insured was a student at a local university, but the enrollment office declined to reveal confidential student information and stated that the insured had returned to Japan; that the insured had a passport issued by Japan and had been legally in the

United States; and that the Japanese consulates in Denver and San Francisco had no information relating to the insured's return to Japan.

Taking the process server's statements as true, we nevertheless conclude, as a matter of law, that plaintiffs have not met the due process requirements of *Mullane* and its progeny. *See Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (notice to mortgagee of impending tax sale by publication in a local newspaper and posting at the county courthouse insufficient under *Mullane*); *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) (notice to absent tenant for forcible entry and detainer action by posting on front door inadequate under *Mullane*). When, as here, some evidence indicates the whereabouts of the absent party, any form of substituted service authorized by the trial court must have a reasonable chance of giving that party actual notice of the proceeding. *See Clemens v. District Court*, 154 Colo. 176, 390 P.2d 83 (1964).

### B.

Plaintiffs also argue that service by publication is constitutionally sufficient when the person to be served cannot be located. Under the circumstances presented here, we disagree.

Plaintiffs rely on *Rael v. Taylor*, 876 P.2d 1210 (Colo.1994) in support of this contention. However, the supreme court there held that service by publication was adequate because numerous unidentified persons were named as defendants, and no other means of service was reasonably available in the exercise of due diligence that was more likely to afford actual notice to those persons. Here, however, plaintiffs know the identity of defendant's insured and something of his whereabouts, but have not employed any means that would likely result in his receiving actual notice.

### C.

Plaintiffs further contend that, in a *quasi in rem* action, service by publication in the

state where the property is located is always constitutionally adequate. Again, we disagree.

In support of this contention, plaintiffs cite *ReMine ex rel. Liley v. District Court*, 709 P.2d 1379 (Colo.1985). However, we note that the supreme court in *ReMine* expressly declined to address whether service by publication is constitutionally infirm when the trial court is exercising *quasi in rem* jurisdiction. Furthermore, even if the supreme court had so held in *ReMine*, such a holding would conflict with *Mullane* and its progeny, which are binding precedent from the U.S. Supreme Court. *See also Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683, 703 (1977) (noting that "an assertion of jurisdiction over property is [nothing] but an assertion of jurisdiction over the owner of the property" and that the exercise of *in rem* and *quasi in rem* jurisdiction, without the same safeguards of notice and an opportunity to be heard as in *in personam* actions, would violate due process).

### D.

We also disagree with plaintiffs' characterization of this case as a pure *quasi in rem* action.

While it is true that the supreme court held in *Baker v. Young, supra*, that an insurance policy is non-exempt personal property, subject to prejudgment attachment, and therefore implicitly held that such property could be the basis of a *quasi in rem* action, the court did not there abrogate or modify the contingent nature of such a property interest. To the contrary, the supreme court acknowledged two critical limitations on the exercise of a court's jurisdiction over a nonresident defendant based upon attachment of an insurance policy:

> [S]o long as there are other constitutionally sufficient contacts between the nonresident defendant and the forum for the exercise of jurisdiction, a court may properly assert *quasi in rem* jurisdiction over the nonresident defendant *to the extent of the defendant's interest in the property.*

*Baker v. Young, supra*, 798 P.2d at 893 (emphasis added).

Here, because it is conceded that there are sufficient contacts between defendant's insured and this state arising from his alleged commission of a tort here, we are concerned exclusively with the second limitation.

■■■ The insured's interest in his insurance policy, as relevant here and as with most automobile insurance policies, is limited to the right to be defended against plaintiff's claims, and the right to be indemnified, up to the policy limits, in the event of an adverse judgment against him for which the policy provides coverage. Absent a proper judgment for damages for which the policy provides coverage, however, the insured's interest in the policy is limited to his right to a defense. *See All Around Transport, Inc. v. Continental Western Insurance Co., supra.*

■■ A *quasi in rem* action does not and cannot impose personal liability upon the owner of the property. *ReMine ex rel. Liley v. District Court, supra.* Thus, in the absence of a proper judgment imposing personal liability upon its insured, defendant has no obligation to indemnify its insured under the circumstances presented here. *See Constitution Associates v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo.1996).

Accordingly, we conclude that plaintiffs have impermissibly attempted to impose personal liability upon defendant's insured through this *quasi in rem* action against the insurance policy.

### E.

■■ Finally, plaintiffs argue that the Automobile Accident Reparations Act, § 10–4–701, et seq., C.R.S.1999, which states a strong policy in favor of full compensation for victims of accidents within Colorado, requires a different result. However, such a legislative statement of policy cannot overcome the insured's due process rights, and no statute can abrogate the minimum requirement of adequate notice under the due process clause of the Fourteenth Amendment, even if it expressly purported to do so. *See Mullane v. Central Hanover Bank & Trust Co., supra; Clemens v. District Court, supra* (statute authorizing substituted service on secretary of state and notice by certified mail for

non-resident motorists violates due process and is void).

Accordingly, because the trial court lacked *in personam* jurisdiction over defendant's insured to support the imposition of personal liability against him, the default judgment cannot stand.

## II.

Because we have concluded that the trial court lacked jurisdiction over the insured to support a judgment against him, we need not reach defendant's remaining contentions. For the indemnity provisions of defendant's insurance policy to be implicated in these proceedings at all, it must first be established properly that defendant's insured is liable for plaintiffs' injuries.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge DAVIDSON and Judge DAILEY concur.