Elmer WERTH, Plaintiff–Appellee,

v.

HERITAGE INTERNATIONAL HOLDINGS, PTO, Defendant–Appellant.

No. 02CA0115.

Colorado Court of Appeals, Div. A.

April 10, 2003.

Thomas C. Helgeson, P.C., Thomas C. Helgeson, Wheat Ridge, Colorado, for Plaintiff–Appellee.

Silverman & Riley, William S. Silverman, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.*

Defendant, Heritage International Holdings, PTO, appeals the order denying its

---

* Sitting by assignment of the Chief Justice under   provisions of Colo. Const. art. VI, § 5(3), and

motion to set aside a default judgment entered in favor of plaintiff, Elmer Werth. We reverse and remand.

Plaintiff filed a complaint against defendant and two individuals (Bridges and Dalen) asserting claims for breach of contract, fraud, conversion, and deceptive trade practices arising from a promissory note executed by defendant and the individuals. Plaintiff later filed affidavits of service as to both defendant and Bridges.

After neither party responded to the complaint, plaintiff moved for entry of a default judgment. The trial court granted the motion and entered a default judgment exceeding $300,000 against both defendant and Bridges.

Thereafter, defendant filed a motion to set aside the default judgment, asserting that it had never been properly served with a summons and copy of the complaint. Defendant noted that, although the affidavit of service showed that Bridges had been served as managing director of defendant, Bridges had resigned from that position several months earlier.

In response, plaintiff argued that, even if Bridges were no longer managing director when he was served, he was at least a "general agent" of defendant and that service was, therefore, still valid under C.R.C.P. 4(e)(4).

Six days later, and before receiving any written reply from defendant, the trial court denied defendant's motion to set aside the default judgment. The trial court found, based solely upon the written materials and without holding an evidentiary hearing, that Bridges had failed to notify plaintiff of his resignation as managing director and that Bridges' involvement with defendant "still constitute[d] that of an agent."

■ On appeal, defendant contends, inter alia, that the trial court erred in failing to hold a hearing to resolve the factual conflicts presented by the parties' written submissions. We agree.

C.R.C.P. 4(e)(4) provides that service upon a partnership or other unincorporated associ-

ation must be made "by delivering a copy thereof to one or more of the partners or associates, or a *managing* or *general* agent thereof" (emphasis added). Defendant's affidavit asserted that the delivery here was made upon Bridges' personal secretary and that he had been, but was no longer at the time of that delivery, a managing or general agent of defendant, a private trust organization.

In upholding this service and denying defendant's motion to vacate the resulting judgment, the trial court determined that Bridges was still an "agent," but it made no finding whether he was a "managing" or a "general" agent. Further, defendant asserts that the facts relied upon by the court are legally insufficient to support its finding of Bridges' continuing agency status.

The difficulty of resolving these factual issues on appeal is compounded because the trial court neither held an evidentiary hearing nor allowed defendant to file a reply to plaintiff's response, as C.R.C.P. 121 § 1–15(1) specifically permitted it to do. Its failure to allow a reply and hold an evidentiary hearing was improper.

In *Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District,* 706 P.2d 1279 (Colo.1985), a property owner filed a C.R.C.P. 60(b) motion to vacate an order of "reinclusion" of its property within a special services district. The supreme court concluded that, in proceedings under C.R.C.P. 60(b), there is no requirement that the trial court hold an evidentiary hearing and that the appellate court reviews a trial court's order under that rule under an abuse of discretion standard. However, while the court's opinion does not specify the precise grounds that the landowner relied upon to obtain relief under C.R.C.P. 60(b), it clearly did not allege a lack of personal jurisdiction because of defective service under C.R.C.P. 60(b)(3).

In spite of the broad language in *Front Range Partners,* both before and after that decision, the trial courts of this state have rather consistently conducted evidentiary hearings to resolve material factual issues upon which their jurisdiction depends. And

both the supreme court and divisions of this court have recognized that the question of proper service is a factual question to be resolved based upon a preponderance of the evidence. *See, e.g., Stubblefield v. District Court*, 198 Colo. 569, 603 P.2d 559 (1979)(question as to status of person served is a factual issue to be resolved by trial court); *Denman v. Great Western Railway Co.*, 811 P.2d 415 (Colo.App.1990)(before judgment enters, burden of proof is by a preponderance of the evidence, not by some greater standard).

Indeed, if a court's jurisdiction is contested by means of a C.R.C.P. 12(b)(1) motion and there are contested issues of fact, the trial court is required to hold an evidentiary hearing to resolve those issues. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993).

Moreover, the supreme court has recently recognized that a proceeding under C.R.C.P. 60(b)(3), in which a judgment is attacked as being void because of a lack of jurisdiction or a violation of procedural due process, differs from other proceedings under that rule. Hence, in a proceeding under C.R.C.P. 60(b)(3), the standard for review is not an abuse of discretion; the review will be conducted de novo. *First National Bank v. Fleisher*, 2 P.3d 706 (Colo.2000)(distinguishing *Front Range Partners* ).

The supreme court in *Fleisher* did not reach the issue whether an evidentiary hearing is a requirement in a C.R.C.P. 60(b)(3) proceeding. However, other courts, interpreting similar procedural rules and drawing the same distinction as was drawn in *Fleisher*, have held that the trial court must hold an evidentiary hearing to resolve any factual disputes. *See Classen v. Classen*, 119 N.M. 582, 585, 893 P.2d 478, 481 (N.M.Ct.App. 1995)("On this record, the trial court cannot resolve the factual issues that control whether service was proper. The trial court may need to conduct an evidentiary hearing, unless further discovery produces uncontroverted dispositive facts."); *see also Bank of America National Trust & Savings Ass'n v. Herrick*, 233 A.D.2d 351, 650 N.Y.S.2d 754 (1996); *Woodruff v. Spence*, 76 Wash.App. 207, 883 P.2d 936 (1994).

We conclude, therefore, that the trial court erred in attempting to resolve the various material questions of fact presented to it without taking evidence, considering the credibility of that evidence, and making specific findings of fact as to Bridges' status as a managing or general agent for defendant when the suit papers were served upon his secretary.

In addition, the trial court should have allowed defendant to file a written reply pursuant to the provisions of C.R.C.P. 121 § 1–15(1) before taking any further action. *See Ogawa v. Riley*, 949 P.2d 118 (Colo.App.1997)(unless trial court specifically adopts a different time schedule, the court must allow parties to file responses authorized by C.R.C.P. 121 § 1–15).

Hence, the order denying defendant's motion to vacate is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Chief Judge HUME and Judge TAUBMAN concur.

