24CA2257 Peo in Interest of BR 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2257
Arapahoe County District Court No. 22JV464
Honorable Shay K. Whitaker, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of B.R. and H.R., Children,

and Concerning A.K.M.B.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Ron Carl, County Attorney, Sarah Simchowitz, Assistant County Attorney, Aurora, Colorado, for Appellee

Sheena Knight, Guardian Ad Litem

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

¶ 1    A.K.M.B. (mother) appeals the judgment terminating her parent-child legal relationships with B.R. and H.R. (the children). We affirm.

## I.    Background

¶ 2    In September 2022, the Arapahoe County Department of Human Services received a report concerning a domestic violence incident involving mother and father. Mother agreed to a safety plan, which stipulated that she and the children would stay with a relative while father would not be allowed unsupervised contact with the children. Mother did not abide by the plan, so the Department removed the children from her care and filed a petition in dependency or neglect.

¶ 3    A few months later, mother admitted to the allegations in the petition. The juvenile court adjudicated the children dependent and neglected and adopted a treatment plan for mother. In December 2023, the Department moved to terminate mother's parental rights, alleging, among other things, that she had not participated in the case and the Department had not had any contact with her. Mother's counsel also moved to withdraw because she had not had any contact with mother. However, after mother reengaged in the

case around March 2024, her counsel re-entered an appearance, and the Department withdrew its termination motion.

¶ 4 At a review hearing a few months later, the Department indicated that it intended to refile the termination motion because mother had again stopped participating in the case. Likewise, mother's counsel said that she planned to file another motion to withdraw. Later that same day, the Department moved to terminate, and counsel moved to withdraw. The juvenile court scheduled a termination hearing for September 2024 and granted counsel's motion to withdraw a few days later.

¶ 5 At the termination hearing, mother did not appear. The Department presented testimony from the ongoing caseworker, who reported, among other things, that the Department had minimal contact with mother throughout the case and had not heard from her since June 2024. After hearing the evidence, the juvenile court granted the Department's motion and terminated the parent-child legal relationships between mother and the children.

## II. Ineffective Assistance of Counsel

¶ 6 Mother asserts that her attorney provided ineffective assistance of counsel by failing to properly serve her with the

2

motion to withdraw. Because mother has not sufficiently alleged a prima facie case of ineffective assistance of counsel, we discern no basis for a remand.

### A. Applicable Law and Standard of Review

¶ 7 A parent has a statutory right to counsel in a dependency and neglect proceeding. § 19-3-202(1), C.R.S. 2024. A parent's statutory right to counsel includes the right to the effective assistance of counsel. *See A.R. v. D.R.*, 2020 CO 10, ¶ 47.

¶ 8 We employ the same test that we use to evaluate an ineffective assistance of counsel claim in a criminal case. *See id.* at ¶¶ 48, 60 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under this test, the parent must establish that (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the parent was prejudiced by counsel's deficient performance — that is, there is a reasonable probability that but for counsel's unprofessional errors, the proceeding's outcome would have been different. *Id.* "If the parent fails to establish either prong of this test, the claim fails." *People in Interest of C.B.*, 2019 COA 168, ¶ 26.

¶ 9 An appellate court is required to remand for an evidentiary hearing if the parent's allegations are sufficiently specific and

compelling to constitute a prima facie showing of ineffective assistance of counsel. *A.R.*, ¶ 63. However, if the parent's allegations lack sufficient specificity, the appellate court may summarily deny the ineffective assistance claim. *Id.*; *see also People v. Duran*, 2015 COA 141, ¶ 9 (a court may summarily deny ineffective assistance claims if (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the claim).

## B. Analysis

¶ 10 Mother alleges that her counsel was ineffective because counsel served her with the motion to withdraw by email, even though she did not consent in writing to service by email, which violated C.R.C.P. 5. She also contends that, because counsel withdrew from the case without proper service, her interests went unprotected at the termination hearing. We are not persuaded.

¶ 11 The Colorado Rules of Juvenile Procedure in effect during this case did not provide a process for an attorney to withdraw. When neither the Colorado Rules of Juvenile Procedure nor the Colorado Children's Code expressly govern a procedure, then the Colorado Rules of Civil Procedure apply. *See* C.R.J.P. 1. Under C.R.C.P. 121,

4

section 1-1(2)(b), an attorney may withdraw from a case with the court's approval after the attorney files a motion with the court and serves it on the client. C.R.C.P. 5 provides four methods by which a party may serve a motion, including, as relevant here, by (1) "[m]ailing a copy to the last known address of the person served," C.R.C.P. 5(b)(2)(B); and (2) "electronic means" if "consented to in writing by the person served," C.R.C.P. 5(b)(2)(D).

¶ 12    In this case, it is undisputed that mother's counsel served mother with the motion to withdraw by email and that mother did not specifically consent in writing to service by email. *See Brightstar LLC v. Jordan*, 2024 COA 39, ¶ 44 (holding that C.R.C.P. 5 allows parties to be served by email if they have provided an email address in their pleadings or other papers). Mother maintains that counsel was required to serve her at her last known address under C.R.C.P. 5(b)(2)(B) to comply with the Rules of Civil Procedure. Although the Department and guardian ad litem (GAL) concede that mother did not specifically consent to service by email, they maintain that mother's ineffective assistance claim still fails because the juvenile court entered a case management order that allowed counsel to serve motions by email.

¶ 13 Although counsel did not strictly comply with C.R.C.P. 5(b), under the circumstances presented here, we agree with the Department and GAL that mother has not sufficiently alleged that counsel's actions fell below an objectively reasonable standard. *See Strickland*, 466 U.S. at 688. As noted, counsel complied with the juvenile court's case management order, which allowed service by email. And although the record reveals two previous physical addresses for mother, mother's whereabouts were uncertain, in part, because she had not engaged with the Department during the three months preceding the termination hearing. Thus, it was not objectively unreasonable for counsel to attempt to serve mother by email, considering that it was more likely to give mother actual notice of counsel's intent to withdraw. *Cf. Synan v. Haya*, 15 P.3d 1117, 1120 (Colo. App. 2000) (service by publication may not satisfy due process when other methods "would be more likely to give the party actual notice").

¶ 14 Moreover, mother does not allege that counsel sent the motion to the wrong email address or that she did not receive the motion via email. Indeed, counsel served mother with the first motion to withdraw at the same email address. And nothing in the record

6

indicates that mother had not received that motion or that counsel otherwise had information that the email was undelivered. *Cf. Home Improvement, Inc. v. Villar*, 2022 COA 129, ¶ 18 (after the party received returned mail marked as undeliverable, it was no longer reasonable for it to attempt service by sending mail to that address).

¶ 15 In sum, mother has not sufficiently alleged deficient performance to establish her ineffective assistance of counsel claim. We therefore decline to remand the matter to the juvenile court for an evidentiary hearing.

## III. Due Process

¶ 16 Mother also contends that her due process rights were violated. But she presents her argument in a single sentence that does not identify any supporting facts or make any specific argument. Because mother does not develop her due process argument, we decline to address it. *See People in Interest of D.B-J.*, 89 P.3d 530, 531 (Colo. App. 2004); *see also People v. Lopez*, 2022 COA 70M, ¶ 40 (it is not the job of an appellate court to make or develop a party's argument if the party has not endeavored to do so itself).

## IV. Disposition

¶ 17　The judgment is affirmed.

JUDGE TOW and JUDGE SULLIVAN concur.