2012 COA 164

**David A. HINER and Deelila A. Quick, Plaintiffs–Appellants,**

v.

**Bruce JOHNSON, M.D.; and Michael King, M.D., Defendants–Appellees.**

**No. 10CA1846.**

Colorado Court of Appeals, Div. VI.

Oct. 11, 2012.

Gaddis, Kin, Herd & Craw, P.C., Gary S. Craw, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Murphy Decker Hensen & Cook–Olson, P.C., C. Todd Drake, Littleton, Colorado; Stone & Rosen, P.C., Andrew M. Rosen, Boulder, Colorado, for Defendants–Appellees.

Opinion by Judge BERNARD.

¶ 1 This appeal concerns the application of C.R.C.P. 102. That rule authorizes courts to issue writs of attachment and describes the procedures for implementing them. Here, at the request of defendants, Dr. Bruce Johnson and Dr. Michael King, the trial court issued a writ attaching proceeds that had been obtained by plaintiffs, David A. Hiner and Deelila A. Quick, in a settlement with a defendant who is not part of this appeal. Subsequently, the trial court, at plaintiffs' request, discharged the writ.

¶ 2 The court then denied plaintiffs' request for damages, attorney fees, and costs. Plaintiffs appeal that decision. We affirm, but we rely on different grounds than those employed by the trial court. *See Negron v. Golder*, 111 P.3d 538, 542 (Colo.App.2004)(if the trial court reaches the correct result, court of appeals may affirm on different grounds).

¶ 3 We reach the following conclusions:

1. Although C.R.C.P. 102(a) uses the term "any party," it qualifies the term by limiting it to the party filing a claim "in an action on contract ... or an action to recover damages for tort." Accordingly, C.R.C.P. 102(a) only authorizes a court to issue a writ of attachment for the party bringing the claim, which would be a *plaintiff* or a *defendant who has asserted a counterclaim.*

2. Here, *defendants* requested the writ of attachment. They did not assert a counterclaim. Therefore, C.R.C.P. 102(a) did not provide a basis for the court to issue a writ of attachment in this case.

3. As a result, the writ of attachment here was improperly issued. Although the trial court relied on a different reason, we hold that the trial court properly discharged the writ under C.R.C.P. 102(w).

4. C.R.C.P. 102(d) states that, if the court determines the plaintiff "was not entitled to an attachment," then the plaintiff shall pay the defendant all costs and damages suffered "by reason of the wrongful suing out of the attachment." C.R.C.P. 102(n)(2) states that a defendant who prevails at a hearing on a traverse of an affidavit accompanying a writ of attachment held under C.R.C.P. 102(n)(1) is entitled to enumerated damages from the plaintiff.

5. Plaintiffs are not entitled to damages, attorney fees, and costs in this case because (1) C.R.C.P. 102(d) only authorizes an award of costs or damages to the defendant if the plaintiff is not entitled to an attachment, or to the plaintiff if a defendant who has asserted a counterclaim and is not entitled to an attachment; and (2) C.R.C.P. 102(n)(2) only authorizes an award of damages to the defendant if the plaintiff does not prevail at a hearing on a traverse of an affidavit, or to a plaintiff if the defendant who has asserted a counterclaim does not prevail at such a hearing.

## I. Background

¶ 4 Plaintiffs are the husband and a daughter of a woman who died after surgery. They sued several defendants for medical malpractice, including the two doctors in this case and the hospital where the woman died. None of the defendants filed counterclaims.

¶ 5 A jury found in favor of the doctors and the trial court entered judgment on the verdict. The doctors sought to recover their statutory costs by filing an *ex parte* C.R.C.P. 102 motion. The motion asked the trial court to issue a writ to attach the proceeds of a settlement that the plaintiffs had reached with the hospital earlier in the case. The doctors posted a $50,000 bond when they filed the writ.

¶ 6 The court issued the writ, and plaintiffs filed an emergency motion to vacate it. They argued that the affidavit filed in support of the writ was defective. On the same day, plaintiffs' attorney filed a notice of an attorney's lien for $75,000 on the proceeds of the settlement with the hospital.

¶ 7 The doctors, relying on C.R.C.P. 102(o ), obtained the court's permission to file a revised affidavit. The court then scheduled a hearing on plaintiffs' motion to vacate the writ of attachment.

¶ 8 Before the hearing, plaintiffs filed an application to discharge the writ under C.R.C.P. 102(w). They asserted that the writ was improperly issued because: (1) C.R.C.P. 102 does not authorize a court to issue a writ of attachment for a defendant's statutory costs; and (2) the statements in the revised affidavit were not sufficient to support a writ of attachment. Relying on C.R.C.P. 102(d) and C.R.C.P. 102(n)(2), plaintiffs alleged that they should be awarded costs, damages, and attorney fees because the attachment was improper.

¶ 9 The trial court held a hearing on plaintiffs' motion. The court treated it as a traverse of the writ of attachment under C.R.C.P. 102. At the hearing's end, the court denied the motion to vacate the writ. The court ruled that, at least initially, the writ had been properly issued under C.R.C.P. 102(c)(7) and (8).

¶ 10 Nonetheless, the court discharged the writ under C.R.C.P. 102(w). The court rejected plaintiffs' first contention that C.R.C.P. 102 did not authorize the court to issue a writ for the doctor's statutory costs. However, it determined that the entire amount of the settlement proceeds were subject to the attorney's lien that was filed by plaintiffs' counsel. Thus, applying C.R.C.P. 102(w), it reasoned that it would be improper to issue a writ to attach funds that would not be transferred to plaintiffs.

¶ 11 The court also denied plaintiffs' request for costs, attorney fees, and damages. Because the court had relied on C.R.C.P. 102(w) to discharge the writ, it stated that plaintiffs would only be entitled to the funds it requested if the court had granted their motion to traverse the writ under C.R.C.P. 102(n)(1). Rather, the court reiterated that it discharged the writ of attachment under C.R.C.P. 102(w) and "found in favor of the [doctors] under section (n)."

## II. Standard of Review

¶ 12 We review the trial court's interpretation of a rule of civil procedure de novo because it presents a question of law. *See People v. Shell,* 148 P.3d 162, 178 (Colo.2006).

¶ 13 We interpret rules of procedure consistently with principles of statutory construction. *Garcia v. Medved Chevrolet, Inc.,* 240 P.3d 371, 374 (Colo.App.2009), *aff'd,* 263 P.3d 92 (Colo.2011). We first look to the language of the rule and afford the words their plain and ordinary meaning. *People ex rel. R.D.,* 259 P.3d 562, 565 (Colo.App.2011). We must consider the rule as a whole and interpret it in order to give consistent, harmonious, and sensible effect to all its parts. *Leaffer v. Zarlengo,* 44 P.3d 1072, 1078 (Colo. 2002).

## III. Applicability of C.R.C.P. 102

¶ 14 The issue before us is whether the trial court properly denied plaintiffs' request for costs, fees, and damages under C.R.C.P. 102. To resolve this issue, we must determine whether the doctors' writ of attachment was authorized by C.R.C.P. 102. To facilitate our analysis, we requested supplemental briefs from the parties addressing whether a defendant who has obtained a favorable verdict in a tort case can use C.R.C.P. 102(a) to recover statutory costs. As we have pointed out above, defendants did not assert a counterclaim.

¶ 15 C.R.C.P. 102(a) states in pertinent part:

> Before judgment. Any party, at the time of filing a claim . . . in an action to recover damages for tort . . . or at any time after the filing but before judgment, may have nonexempt property *of the party against whom the claim is asserted* (hereinafter defendant), attached by an ex parte order of court in the manner and on the grounds prescribed in this Rule. . . . No ex parte attachments before judgment shall be per-

mitted other than those specified in this Rule.

(Emphasis added.)

■ ¶ 16 Because C.R.C.P. 102 is "in derogation of the common law," *Jayne v. Peck,* 155 Colo. 513, 515, 395 P.2d 603, 604 (1964), we must construe it strictly. *Old Republic Nat'l Title Ins. Co. v. Kornegay,* 2012 COA 140 ¶ 8, 292 P.3d 1111.

■ ¶ 17 We now conclude that C.R.C.P. 102 did not apply to these proceedings because it does not authorize courts to attach the property of plaintiffs in cases in which defendants do not assert a counterclaim.

### A. Attaching the Property of a Plaintiff

■ ¶ 18 C.R.C.P. 102(a) authorizes a court to issue a writ of attachment for the property of "the party against whom" a contract or tort claim is asserted. This indicates that the court may issue a writ of attachment for the property of a defendant, or, if a defendant asserts a counterclaim, for the property of the plaintiff. The rule does not include the reciprocal statement that a court may issue a writ of attachment for the property of the party who *asserts* the claim.

¶ 19 Because C.R.C.P. 102(a) expressly refers to the property of defendants, but does not refer to the property of plaintiffs in cases in which defendants do not assert a counterclaim, we apply the canon of statutory interpretation *expressio unius exclusio alterius*— "the inclusion of certain items implies the exclusion of others." *Beeghly v. Mack,* 20 P.3d 610, 613 (Colo.2001). Doing so, we conclude that C.R.C.P. 102(a) did not authorize the court to issue the writ of attachment sought by the doctors. *See id.* (because the legislature included a default judgment provision in one statute, but not in another, related statute, "the legislature could not have intended to provide default judgment as a remedy" for a violation of the second statute); *see also Spahmer v. Gullette,* 113 P.3d 158, 162 (Colo.2005) ("We will not create an addition to a statute that the plain language does not suggest or demand."). Our conclusion is reinforced by the requirement that we must construe C.R.C.P. 102(a) strictly. *See Old Republic Nat'l Title Ins. Co.,* ¶ 8.

### B. The Writ Was Properly Discharged Under C.R.C.P. 102(w)

¶ 20 C.R.C.P. 102(w) authorizes defendants to ask courts to discharge writs of attachment "on the ground that the writ was improperly issued, for any reason appearing upon the face of the papers and proceedings in the action."

■ ¶ 21 Here, the "papers and proceedings in the action" clearly establish that the writ was improperly issued. As we have held above, the writ was improper because it was requested by the doctors—defendants in this case who did not assert a counterclaim—and not by plaintiffs. This defect appears in the motion requesting the writ of attachment and in the writ itself. As a result, we further conclude that the trial court did not err when it discharged the writ under C.R.C.P. 102(w).

### C. Plaintiffs Are Not Entitled To Damages, Attorney Fees, and Costs

■ ¶ 22 As pertinent here, C.R.C.P. 102(d) states:

Before the issuance of a writ of attachment the plaintiff shall furnish a bond . . . in an amount set by the court in its discretion, not exceeding double the amount claimed, to the effect that if the defendant recover judgment, or if the court shall finally decide that the plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages defendant may sustain by reason of the wrongful suing out of the attachment.

¶ 23 C.R.C.P. 102(n)(2) states:

A plaintiff who fails to prevail at the hearing provided by this section is liable to the defendant for any damages sustained as a result of the issuance of process, costs, and reasonable attorney's fees. A claim for damages under this subsection may be brought as part of the existing action, and the defendant shall be permitted to amend his answer and any counterclaim for this purpose.

¶24 Here, as in our analysis of C.R.C.P. 102(a), we look to the language of the pertinent sections of C.R.C.P. 102. C.R.C.P. 102(d) only provides a basis for a *defendant* to recover costs and damages if the *defendant* recovers judgment or the court determines that the *plaintiff* was not entitled to the writ of attachment. C.R.C.P. 102(n)(2) only provides a basis for a *defendant* to recover damages if the *plaintiff* does not prevail at the hearing on a traverse of an affidavit accompanying a writ of attachment. Neither section of the rule includes a reciprocal statement that plaintiffs, in cases in which defendants do not assert a counterclaim, are entitled to damages.

¶25 Because C.R.C.P. 102(d) and 102(n)(2) expressly grant relief to defendants, but not to plaintiffs unless defendants have asserted a counterclaim, we once again employ the canon of statutory interpretation, *expressio unius exclusio alterius.* Doing so, we conclude that neither C.R.C.P. 102(d) nor C.R.C.P. 102(n)(2) provides a basis for a court to award plaintiffs damages, costs, and attorney fees. *See Spahmer,* 113 P.3d at 162; *Beeghly,* 20 P.3d at 613. Our conclusion is supported by the requirement that we must construe C.R.C.P. 102(d) and C.R.C.P. 102(n)(2) strictly. *See Old Republic Nat'l Title Ins. Co.,* ¶ 8.

¶26 Therefore, plaintiffs are not entitled to damages, attorney fees, and costs because C.R.C.P. 102(d) and C.R.C.P. 102(n)(2) do not authorize courts to make such awards to plaintiffs. We take no position concerning whether there are other mechanisms found in statute or court rule that would authorize a court to award plaintiffs damages, attorney fees, or costs.

¶27 The order is affirmed.

Judge LOEB and Judge NIETO * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and