Opinion by JUDGE WEBB
¶ 1 This case presents a novel question under C.A.R. 4.2 -whether a trial court can certify sua sponte an issue for interlocutory review. Because C.A.R. 4.2(c) does not provide for such sua sponte action, we dismiss the petition to appeal.
I. Background
¶ 2 J.A.A.U., the biological father of M.K.D.A.L., petitioned under section 15-14-304(1), C.R.S.2014, for his appointment as a permanent guardian. According to the petition, "[r]espondent is unable effectively to communicate in the English language to the extent that he lacks the ability to satisfy essential requirements for physical health, safety, or self-care even with appropriate and reasonably available technological assistance."
¶ 3 The trial court denied the petition, explaining, "[t]he Court finds as a matter of law that speaking English is not a requirement for competency." Then the order continued:
The Court will stay this order for 14 days and certify that there is no current case law on this point and that determination of this issue will determine the case. The order is stayed for 14 days to allow an appeal pursuant to rule 4.2.
¶ 4 The petitioner timely filed a petition for interlocutory appeal in this court. Neither the petition nor the supporting documents submitted under C.A.R. 4.2(d)(4) identify a motion or a stipulation for certification.
II. Standard of Review
¶ 5 "We interpret our rules of civil procedure de novo and apply principles of statutory construction." Willhite v. Rodriguez-Cera, 2012 CO 29, ¶ 9, 274 P.3d 1233 ; see also Ruff v. Indus. Claim Appeals Office, 218 P.3d 1109, 1113 (Colo.App.2009) ("The same rules of construction used to interpret a statute should be applied to interpret a rule or regulation."). "[I]n the first instance," we afford the language of a court rule "its ... plain and ordinary meaning." People ex rel. Strodtman, 293 P.3d 123, 135 (Colo.App.2011) (interpreting C.R.C.P. 62(a) ). That meaning may be informed by "the canon of statutory interpretation expressio unius [est] exclusio alterius -'the inclusion of certain items implies the exclusion of others.' " Hiner v. Johnson, 2012 COA 164, ¶ 19, 310 P.3d 226 (interpreting C.R.C.P. 102(a) ).
III. Discussion
¶ 6 Under C.A.R. 4.2(c), which concerns procedure in the trial court, "[t]he party seeking to appeal shall move for certification or submit a stipulation signed by all parties within 14 days after the date of the order to be appealed...." (Emphasis added.) Then, "[t]he trial court may, in its discretion, certify an order as immediately appealable, but if all parties stipulate, the trial court must forthwith certify the order." No case interpreting C.A.R. 4.2 has addressed a petition to appeal based on a trial court's sua sponte certification.
¶ 7 For the following reasons, we conclude that a petition to appeal cannot be based on a trial court's sua sponte certification.
• C.A.R. 4.2(c) requires that the motion for certification be made by a party. See Willhite, ¶ 17 ("[T]he word 'shall' connotes a mandatory requirement.").
• C.A.R. 4.2(c) does not contemplate sua sponte certification by the trial court.
• The principle of expressio unius est exclusio alterius disfavors implying *561 that a trial court may certify sua sponte an order as appealable.
• Allowing such certification would deprive the parties of the choice to proceed with the action and obtain a final judgment, for which one or both of them may have ample reasons, such as reducing pressure to settle. See Shaw Constr., LLC v. United Builder Servs., Inc., 2012 COA 24, ¶ 11, 296 P.3d 145 ("[A]ppellate reinstatement of the third-party claims would increase the likelihood of a settlement.").
• Allowing such certification would also deprive the parties of the opportunity to argue against an interlocutory appeal, which the court might find persuasive.
¶ 8 Even so, we recognize that a case may arise in which, despite the parties' inaction, the trial court perceives that its order clearly involves "a controlling and unresolved question of law," immediate review of which would "promote a more orderly disposition or establish a final disposition of the action," as provided in C.A.R. 4.2(b). But the rule only empowers trial courts to grant or deny a motion for certification, not to initiate certification. See Turbyne v. People, 151 P.3d 563, 567 (Colo.2007) (when interpreting a statute, courts do not add or subtract statutory words).
¶ 9 Accordingly, we conclude that a trial court cannot certify sua sponte an issue for interlocutory review.
IV. Conclusion
¶ 10 The petition is dismissed.
JUDGE TAUBMAN and JUDGE J. JONES concur.