The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 14, 2019

## 2019COA168

**No. 18CA1013, *People in Interest of C.B.* — Juvenile Court — Dependency and Neglect — Termination of the Parent-Child Legal Relationship; Appellate Procedure — Appeals from Proceedings in Dependency or Neglect — Time for Appeal**

In this appeal of a judgment terminating parental rights, mother challenges the adjudication of her child by default entered after she failed to appear at an advisement of rights hearing. She claims that the juvenile court violated C.R.C.P. 55, and that she is entitled to relief under C.R.C.P. 60(b)(3). Because mother's challenge is to the adjudication, the division concludes that it is not timely under either section 19-1-109(2)(c), C.R.S. 2019, or C.A.R. 3.4(b)(1). Thus, the division dismisses this portion of mother's appeal.

Mother also challenges her trial counsel's effectiveness, claiming her first appointed attorney rendered ineffective assistance

by not attacking the default adjudication. Because mother was appointed another attorney who represented her at the termination of parental rights hearing, and she does not contend that this attorney rendered ineffective assistance, the division concludes that mother is not entitled to relief from the judgment terminating her parental rights on this basis. Thus, the division affirms the judgment terminating mother's parental rights

Court of Appeals No. 18CA1013
Pueblo County District Court No. 17JV248
Honorable William D. Alexander, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of C.B., a Child,

and Concerning A.A.,

Respondent-Appellant.

APPEAL DISMISSED IN PART
AND JUDGMENT AFFIRMED

Division III
Opinion by JUDGE FURMAN
Webb and Brown, JJ., concur

Announced November 14, 2019

Cynthia Mitchell, County Attorney, David A. Roth, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Jennifer Zamarripa, Guardian Ad Litem

Debra W. Dodd, Office of Respondent Parents' Counsel, Berthoud, Colorado, for Respondent-Appellant

¶ 1     In this dependency and neglect case, the juvenile court adjudicated the child, C.B., dependent and neglected by default after mother, A.A., failed to appear at an advisement of rights hearing.  The juvenile court appointed an attorney for mother after it entered the default adjudication.  This attorney withdrew shortly afterward.

¶ 2     Mother then filed a pro se motion to set aside the default adjudication.  But, after conferring with her second appointed attorney, she agreed to withdraw this motion.

¶ 3     The juvenile court later entered a judgment terminating mother's parental rights.

¶ 4     On appeal, mother mounts several challenges to the judgment terminating her parental rights, two of which are central to her appeal.

¶ 5     First, she attacks the adjudication of her child by default, claiming that the juvenile court violated C.R.C.P. 55, and that she is entitled to relief under C.R.C.P. 60(b)(3).  We note that mother appears to have waived her challenge to the default adjudication.  But we conclude that because her challenge is to the adjudication,

1

it is not timely under either section 19-1-109(2)(c), C.R.S. 2019, or C.A.R. 3.4(b)(1). Thus, we dismiss this portion of her appeal.

¶ 6 Second, mother contends her first appointed attorney rendered ineffective assistance by not challenging the default adjudication. Because mother withdrew her challenge to the default adjudication, we conclude that she cannot use the entry of default as a basis to complain about her first attorney's effectiveness. And because mother was appointed another attorney who represented her at the termination of parental rights hearing, and she does not contend that this attorney rendered ineffective assistance, we conclude that she is not entitled to relief from the judgment terminating her parental rights on this basis. *See People in Interest of A.R.*, 2018 COA 176, ¶ 78 (recognizing a claim of ineffective assistance of termination counsel in the "narrow circumstance" where, because of counsel's deficient performance, the county department did not prove the "fact of adjudication" element in section 19-3-604(1), C.R.S. 2019) (*cert. granted* Mar. 4, 2019).

¶ 7 Mother also points out that the juvenile court erred by not making an Indian Child Welfare Act of 1978 (ICWA) inquiry at the

hearing terminating her parental rights.  Because, in supplemental briefing, mother concedes the child does not have any Indian heritage, we conclude that the juvenile court's inquiry error was harmless.

## I.  The Default Judgment

¶ 8        The record establishes the following facts.

¶ 9        The Pueblo County Department of Human Services filed a petition in dependency or neglect after mother left the child with a friend.  Mother had asked the friend to care for the child temporarily because mother was using methamphetamine and had lost her home and job.

¶ 10       Although mother had not been served with notice of the dependency or neglect proceeding, the juvenile court ordered her to appear for advisement on April 24, 2017.  (Mother appeared before the juvenile court in an unrelated matter on April 20, 2017.)  A minute order indicates mother received a copy of the Department's "report of investigation" and an application for court-appointed counsel, but not a copy of the petition in dependency or neglect, a summons, or an advisement of her rights in the dependency or neglect action.

¶ 11     Mother returned to Utah, where she had originally tried to place the child with friends or family.  She asked the court to allow her to appear at the advisement hearing by telephone.  The juvenile court denied her request.  When mother did not appear at the advisement hearing, the Department asked the juvenile court to adjudicate the child dependent or neglected by default.  The juvenile court agreed.  We note the following concerning this April 24, 2017, hearing:

- Mother had not been served.

- Mother had not been advised of her rights.

- Mother had not been notified that the juvenile court would address adjudication rather than advisement at this hearing.

- Mother had not been notified that the Department would seek a default judgment.

- Mother had not been appointed counsel.

¶ 12     Seven weeks later, the juvenile court appointed counsel for mother.  At a July 2017 hearing, this counsel reported that mother had agreed to file a written stipulation to adjudication because he had advised her that it would be "very difficult to get out of a default

4

judgment this old." (The record does not include a written stipulation.) This attorney withdrew after the July hearing.

¶ 13 In August 2017, mother filed a pro se motion to set aside the default judgment. The motion stated that mother (1) had not been properly served or advised and (2) could document a legal temporary guardianship of the child with the friend. The juvenile court did not rule on the motion.

¶ 14 In September 2017, the court appointed a second attorney to represent mother. In November 2017, after conferring with her second attorney, mother agreed to withdraw her motion to set aside the default judgment and work on her treatment plan.

¶ 15 The juvenile court terminated mother's parental rights more than one year after entering the default adjudication.

## II. The Adjudication

¶ 16 Mother first challenges the adjudication.

### A. Mother's Challenge is Untimely

¶ 17 Mother contends that the juvenile court erred by adjudicating the child dependent or neglected by default when she did not appear at the advisement hearing. Although we have grave concerns about the process by which the juvenile court entered

5

adjudication, we conclude that we must dismiss this portion of mother's appeal.

¶ 18　　Challenges to the propriety of a judgment of adjudication must be raised in a timely appeal from the adjudicatory stage of a dependency and neglect proceeding. *People in Interest of E.H.*, 837 P.2d 284, 287 (Colo. App. 1992). A judgment of adjudication becomes final and appealable on entry of the initial dispositional order. § 19-1-109(2)(c); *People in Interest of C.L.S.*, 934 P.2d 851, 854 (Colo. App. 1996). A respondent parent has twenty-one days to file an appeal of a judgment of adjudication after entry of an initial dispositional order. C.A.R. 3.4(b)(1). This expedited timeframe allows a reviewing court to timely address the propriety of an adjudication and mitigates delay in achieving permanency for children. *See, e.g.*, § 19-1-109(1); *see also People in Interest of P.N.*, 663 P.2d 253, 258 (Colo. 1983) ("There must be finality to litigation involving children.").

¶ 19　　Mother concedes that she did not appeal the judgment of adjudication within the time for appeal established by C.A.R. 3.4. But she contends that we may review this judgment because (1) it was entered in violation of C.R.C.P. 55 and, as a result, it was void;

and (2) the limitations period does not apply to void judgments. We disagree.

¶ 20     The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review. *In re C.A.B.L.*, 221 P.3d 433, 438 (Colo. App. 2009). Mother cites no authority to support her contention that the limitations period of C.A.R. 3.4 does not apply to allegedly void judgments, and we are aware of none.

¶ 21     Apparently recognizing this fatal flaw, mother asks us to review the adjudicatory order under C.R.C.P. 60(b)(3). True enough, when a trial court motion alleges that a judgment is void, either the judgment is void or it is not, and if it is void, relief must be afforded accordingly. *See In re C.L.S.*, 252 P.3d 556, 561 (Colo. App. 2011) (citing *In re Marriage of Stroud*, 631 P.2d 168, 170 n.5 (Colo. 1981)). But mother did not file such a motion in the trial court. And she cites no authority that an appellate court can act under this rule. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development."). In any event, the absence of an analogous rule in the Colorado Appellate Rules strongly suggests otherwise.

¶ 22    Finally, mother broadly contends that the allegedly erroneous default adjudication "requires reversal of [both] the adjudication and subsequent termination." But on appeal she does not directly challenge any of the criteria for termination — including sufficiency of proof that the child was adjudicated dependent or neglected. *See* § 19-3-604(1); *A.R.,* ¶¶ 33, 78. Instead, her argument focuses solely on the validity of the judgment of adjudication by default. Because her challenge to the adjudication is untimely, we cannot consider whether or how a flawed adjudication might have affected the later termination.

¶ 23    And because her appeal is untimely, we lack jurisdiction to reach the merits of the adjudication. *See People in Interest of A.E.,* 994 P.2d 465, 467 (Colo. App. 1999) ("S.E.'s appeal is untimely and this court lacks jurisdiction to entertain it."). We also note that by agreeing to withdraw her pro se motion to set aside the default adjudication, after conferring with her second appointed attorney, she appears to have waived any challenge to the judgment by default. But we do not reach that issue because, as noted above, we lack jurisdiction to reach the merits of the adjudication.

¶ 24    Thus, we dismiss this portion of her appeal.

## B. Ineffective Assistance of Counsel

¶ 25    Mother next challenges the effectiveness of her first appointed counsel primarily because he did not challenge the default adjudication.  She also points out that he revealed his private advice to her regarding the default adjudication in open court, told the court she stipulated to the adjudication, and withdrew his representation without notice to her.  We perceive no basis for reversal.

¶ 26    To establish a claim of ineffective assistance of counsel, a parent must show that (1) counsel's performance was outside the wide range of professionally competent assistance and (2) counsel's errors prejudiced the parent.  *A.R.*, ¶ 7; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).  If the parent fails to establish either prong of this test, the claim fails.  *See People in Interest of C.H.*, 166 P.3d 288, 291 (Colo. App. 2007) (stating that a claim of ineffective assistance fails unless parent's allegations, if true, would establish both prongs of the *Strickland* test).

¶ 27    As noted, after conferring with her second appointed counsel, mother withdrew her motion to set aside the default adjudication and agreed to work on her treatment plan.  Because she withdrew

her challenge to the default adjudication, we conclude that she cannot use the entry of default as a basis to complain about her first attorney's effectiveness.

¶ 28    And, mother was appointed another attorney who represented her at the termination of parental rights hearing.  Because she does not contend that this attorney rendered ineffective assistance, we conclude that she is not entitled to relief from the judgment terminating her parental rights on this basis.  *See A.R.*, ¶ 78 (recognizing a claim of ineffective assistance of termination counsel in the "narrow circumstance" where, because of counsel's deficient performance at the adjudicatory stage, the county department did not prove the "fact of adjudication" element in section 19-3-604(1), C.R.S. 2019).

## C.  Compliance with the Indian Child Welfare Act

¶ 29    In her opening brief, mother also contends that the juvenile court did not comply with the inquiry requirements of ICWA, because it did not inquire on the record whether she knew or had reason to know or believe that the child was an Indian child.

¶ 30    A division of this court ordered mother to submit a supplemental brief addressing (1) whether she had reason to know

or believe the child is an Indian child and (2) whether the juvenile court's alleged failure to comply with ICWA constituted harmless error.

¶ 31 Mother concedes that she does not have any Indian heritage. Thus, the juvenile court's inquiry error was harmless. We reject mother's contention that the error in this case was not harmless because a similar error in another case might lead to tragic consequences.

## III. Conclusion

¶ 32 The appeal is dismissed in part, and the judgment terminating mother's parental rights is affirmed.

JUDGE WEBB and JUDGE BROWN concur.