507 P.3d 1089
2022 COA 9
The PEOPLE of the State of Colorado, Appellee,
IN the INTEREST OF B.H., a Child,
and
Concerning D.H., Appellant.
Court of Appeals No. 21CA1604
Colorado Court of Appeals, Division A.
Announced January 6, 2022
Ron Carl, County Attorney, Kristi Erickson, Assistant County Attorney, Aurora, Colorado, for Appellee
Alison A. Bettenberg, Sheena Knight, Guardians Ad Litem
James West, Office of Respondent Parents’ Counsel, Longmont, Colorado, for Appellant
Opinion by CHIEF JUDGE ROMÁN
¶ 1 In this dependency and neglect proceeding, D.H. (father) appeals the judgment terminating his parental rights over his child, B.H. Because father failed to file the notice of appeal within twenty-one days after the entry of the termination judgment, we grant the People's motion to dismiss and order the appeal dismissed with prejudice. We further conclude that the filing of a C.R.C.P. 59 motion in a dependency and neglect proceeding does not toll the time to file a notice of appeal.
I. Background
¶ 2 On July 7, 2021, the juvenile court entered the termination judgment being appealed. This meant that the notice of appeal was due on July 28, 2021. See C.A.R. 3.4(b).
¶ 3 On July 22, 2021, father filed a C.R.C.P. 59 motion seeking post-trial relief from the termination judgment. The juvenile court did not rule on the motion before September 23, 2021, which is when the relief was deemed denied after sixty-three days under C.R.C.P. 59(j).
¶ 4 On October 13, 2021, father filed the notice of appeal with this court from the juvenile court's July 7, 2021, termination judgment, more than ninety days after entry of that judgment, without any motion for extension of time to file the notice of appeal or for leave to accept it out of time for good cause shown.
¶ 5 On October 26, 2021, the People filed a motion to dismiss the appeal with prejudice as untimely filed, contending that the notice of appeal was filed late because it was not filed within twenty-one days after entry of the termination judgment, as required by C.A.R. 3.4(b).
¶ 6 Father filed a response in opposition to the People's motion to dismiss, arguing that the notice of appeal was timely filed because the filing of father's C.R.C.P. 59 motion tolled the time for filing the notice of appeal, and that the notice of appeal was filed within twenty-one days after the date the C.R.C.P. 59 motion was deemed denied.
II. Standard of Review and Applicable Law ¶ 7 We interpret our rules of civil procedure de novo and apply principles of statutory construction. In Interest of M.K.D.A.L. , 2014 COA 148, ¶ 5, 410 P.3d 559 (interpreting C.A.R. 4.2(c) ); see also Willhite v. Rodriguez-Cera , 2012 CO 29, ¶ 9, 274 P.3d 1233. In the first instance, we afford the 507 P.3d 1091 language of a court rule its plain and ordinary meaning. M.K.D.A.L. , ¶ 5 ; see also People ex rel. Strodtman , 293 P.3d 123, 135 (Colo. App. 2011) (interpreting C.R.C.P. 62(a) ). That meaning may be informed by the canon of statutory interpretation expressio unius est exclusio alterius — "the inclusion of certain items implies the exclusion of others." M.K.D.A.L. , ¶ 5 (citation omitted); see also Hiner v. Johnson , 2012 COA 164, ¶ 19, 310 P.3d 226 (interpreting C.R.C.P. 102(a) ). ¶ 8 The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review. People in Interest of C.B. , 2019 COA 168, ¶ 20, 456 P.3d 92.
¶ 9 Colorado Appellate Rule 3.4(a) mandates that "[a]ppeals from judgments, decrees, or orders in dependency or neglect proceedings, as permitted by section 19-1-109(2)(b) and (c), C.R.S., ... must be in the manner and within the time prescribed by this rule."
¶ 10 Subsection (b) of C.A.R. 3.4 provides,
(1) A Notice of Appeal ... must be filed with the clerk of the court of appeals with an advisory copy served on the clerk of the trial court within 21 days after the entry of the judgment, decree, or order. The trial court continues to have jurisdiction to hear and decide a motion under C.R.C.P. 59 regardless of the filing of a notice of appeal, provided the C.R.C.P. 59 motion is timely filed under C.R.C.P. 59(a) and determined within the time specified in C.R.C.P. 59(j). An order is entered within the meaning of this rule when it is entered pursuant to C.R.C.P. 58. If notice of the entry of judgment, decree, or order is transmitted to the parties by mail or E-Service, the time for the filing of the notice of appeal commences from the date of mailing or E-Service of the notice.
....
(3) The time in which to file a notice of appeal ... will not be extended, except upon a showing of good cause pursuant to C.A.R. 2 and C.A.R. 26(b).
III. Analysis ¶ 11 The People contend, based on the language in C.A.R. 3.4(b), that because the notice of appeal was not filed within twenty-one days after the entry of the termination judgment being appealed, the appeal is untimely and must be dismissed with prejudice.
¶ 12 Father disagrees — he asserts that the filing of his C.R.C.P. 59 motion on July 22, 2021, tolled the time for filing the notice of appeal, and therefore, he filed the notice of appeal timely on October 13, 2021, within twenty-one days after his C.R.C.P. 59 motion was deemed denied on September 23, 2021.
¶ 13 There is no dispute that this appeal is governed by C.A.R. 3.4, which requires in subsection (b)(1) that the notice of appeal be filed twenty-one days after entry of the judgment being appealed. Instead, the parties’ dispute centers on what appears to be a matter of first impression for this court: whether, in proceedings in dependency and neglect, a respondent parent's C.R.C.P. 59 post-trial motion seeking relief from a judgment terminating their parental rights tolls the time for filing the notice of appeal from the judgment under C.A.R. 3.4.
¶ 14 Based on the plain language of C.A.R. 3.4, we conclude that the filing of a C.R.C.P. 59 motion for relief from a termination judgment — though permitted by the express language of C.A.R. 3.4(b)(1) — does not toll the time for filing the notice of appeal from that judgment.
¶ 15 For two reasons, it is clear to us that the deadline set by C.A.R. 3.4(b)(1) to file a notice of appeal within twenty-one days from the termination judgment cannot be tolled by the filing of a C.R.C.P. 59 motion.
¶ 16 First, the language of C.A.R. 3.4(b)(1) is mandatory and unequivocal: "A Notice of Appeal ... must be filed ... within 21 days after the entry of the judgment, decree, or order." (Emphasis added.)
¶ 17 Second, C.R.C.P. 59 does not contain any language providing that the filing of a C.R.C.P. 59 motion tolls the time for filing the notice of appeal in a C.A.R. 3.4 case. This, too, is significant because two subsections of C.R.C.P. 59 — (j) and (k) — address the time for filing the notice of appeal and those subsections refer solely to the timing for filing an appeal under C.A.R. 4(a) :
507 P.3d 1092 (j) Time for Determination of Post-Trial Motions. The court shall determine any post-trial motion within 63 days (9 weeks) of the date of the filing of the motion. Where there are multiple motions for post-trial relief, the time for determination shall commence on the date of filing of the last of such motions. Any post-trial motion that has not been decided within the 63-day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date.
(k) When Judgment Becomes Final. For purposes of this Rule 59, judgment shall be final and time for filing of notice of appeal shall commence as set forth in Rule 4(a) of the Colorado Appellate Rules.
¶ 18 Thus, there is no support in the plain language of C.A.R. 3.4 or C.R.C.P. 59 for father's position.
¶ 19 Father, however, relies on People in Interest of A.M.C. , 2014 COA 31, ¶ 13, 411 P.3d 90, an interlocutory appeal from proceedings in a dependency and neglect case, for the principle that "a timely filed C.R.C.P. 59 motion tolls the time for filing a notice of appeal." But this argument misses the mark because A.M.C. was decided prior to the Colorado Supreme Court removing the tolling provision from C.A.R. 3.4 in 2016. See Rule Change 2016(07), Colorado Appellate Rules (Amended and Adopted by the Court En Banc, May 23, 2016), https://perma.cc/9M8A-RDBP.
IV. Conclusion
¶ 20 For the reasons set forth above, we dismiss father's appeal with prejudice.
JUDGE BERGER and JUDGE JOHNSON concur.