24CA0939 Peo in Interest of MSG 12-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0939
Jefferson County District Court No. 22JV8
Honorable Ann Gail Meinster, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of M.S.G., a Child,

and Concerning J.S.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE BERNARD*
Román, C.J., and Richman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

---

Kimberly Sorrells, County Attorney, Claire Czajkowski, Assistant County Attorney, Golden, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Harald Van Gaasbeek, Office of Respondent Parents' Counsel, Fort Collins, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     This is a dependency and neglect case.  A mother, J.S.C., appeals the juvenile court's decision to terminate her parent-child legal relationship with her child, M.S.G.  We affirm.

## I.     Background

¶ 2     In January 2022, the Jefferson County Division of Children, Youth, and Families, which we shall call "the division," filed a petition in dependency and neglect concerning the then-eleven-day-old child.  The division alleged that, at birth, the child tested positive for methamphetamine, amphetamines, and fentanyl and that mother had admitted using fentanyl throughout her pregnancy.

¶ 3     The court granted temporary legal custody to the division, and the division briefly put the child in foster care before placing her with kin.  The court adjudicated the child dependent or neglected, and it adopted a treatment plan that required mother to address her substance use and mental health issues, to develop a relationship with the child, and to maintain a safe and stable lifestyle.

¶ 4     The division eventually asked the court to terminate mother's parental rights.  Approximately two years after the original petition

1

had been filed, the court held an evidentiary hearing and, at its conclusion, granted the division's request.

## II. Counsel's Motion to Withdraw

¶ 5 Mother contends that the court abused its discretion and violated her right to self-representation when it denied her counsel's motion to withdraw. We are not persuaded.

### A. Applicable Law and Standard of Review

¶ 6 A parent involved in a dependency and neglect proceeding has a statutory right to be represented by a lawyer at every stage of the proceedings. § 19-3-202(1), C.R.S. 2024; *C.S. v. People in Interest of I.S.*, 83 P.3d 627, 636 (Colo. 2004). Neither the Colorado Children's Code nor the Colorado Rules of Juvenile Procedure address the standards that govern lawyers' requests to withdraw. As a result, juvenile courts look to the Colorado Rules of Civil Procedure to evaluate such requests. *See People in Interest of Z.P.*, 167 P.3d 211, 214 (Colo. App. 2007).

¶ 7 The discretionary standard set forth in C.R.C.P. 121, section 1-1(2)(b), together with its required advisements and the Children's Code, provide sufficient safeguards to protect a parent's interests in a dependency and neglect proceeding. *Z.P.*, 167 P.3d at 214. Under

2

that section of the Rule, a lawyer may only withdraw from a case with the court's approval. *Id.* A court cannot grant such a request until the lawyer has filed a motion with the court, which is also served on the client, that informs the client of the right to object and of other enumerated obligations. *Id.* In ruling on these motions, the court "should consider the need for orderly and expeditious administration of justice and should balance that need against the particular facts underlying the motion." *C.S.*, 83 P.3d at 638 (quoting *People in Interest of M.M.*, 726 P.2d 1108, 1121 (Colo. 1986)). If the court has a reasonable basis for concluding that the lawyer-client relationship has not deteriorated to the point that counsel is unable to give effective assistance to a client, the court is justified in denying the lawyer's request to withdraw. *M.M.*, 726 P.2d at 1121.

¶ 8 Relatedly, a parent in a dependency and neglect case may ask the court to discharge his or her lawyer and appoint another. The court may deny such a request using the same reasoning it employs when the lawyer moves to withdraw. *See id.*

¶ 9 We review the court's decision to grant or deny a lawyer's motion to withdraw or its decision to deny a client's request that a

3

lawyer withdraw for an abuse of discretion. *C.S.*, 83 P.3d at 638;
*see also Z.P.*, 167 P.3d at 214. A court abuses its discretion when
its decision is manifestly arbitrary, unreasonable, or unfair, or if it
is based on an erroneous understanding or application of law.
*People in Interest of M.W.*, 2022 COA 72, ¶ 12.

### B.    Additional Background

¶ 10    The court appointed counsel to represent mother on the day
when the petition was filed, and counsel represented mother
throughout the proceedings. Approximately two weeks before the
termination hearing, counsel filed a motion to withdraw, noting that
mother asked counsel to withdraw because "[mother did] not wish
to have further representation from counsel." Counsel also stated
that (1) she had advised mother that the appointment of new
counsel was not guaranteed "given the upcoming [termination]
hearing"; (2) mother therefore understood that she may have to
represent herself at the termination hearing; and (3) mother
nonetheless wanted counsel to withdraw.

¶ 11    The court held a status conference about a week after
mother's counsel filed the motion. A substitute attorney appeared
on mother's behalf, stating that she was "filling in" for mother's

4

counsel.  The substitute attorney asked the court to grant the motion to withdraw because mother had asked for it, and counsel therefore "[did] not believe, given the conflict, she [could] proceed representing [mother] for the [termination hearing]."  The division and the guardian ad litem objected.

¶ 12    The court denied counsel's motion to withdraw.  It reasoned that it could not appoint new counsel to represent mother without also continuing the hearing, and it "[could not] find good cause or that it [was] in the child's best interest[s] to grant a continuance."

¶ 13    On the date of the termination hearing, mother was in custody in Denver.  Counsel, who was at the hearing, said that mother "chose not to appear on the writ" because it was "just . . . too difficult."  But counsel also stated that she had met with mother two days before the hearing and had "direction from her on how to proceed."

¶ 14    Counsel then asked the court to continue the hearing.  She said that mother had recently signed a release allowing the division to obtain records from a substance abuse treatment facility where mother claimed to have engaged in treatment, but the division had not received the records.  The court denied this request, finding that

5

a continuance would not be in the child's best interests. Counsel represented mother throughout the termination hearing even though mother was not there.

## C. Analysis

¶ 15      We conclude, for the following reasons, that the court's decision to deny counsel's motion to withdraw was not an abuse of discretion because it was not manifestly arbitrary, unreasonable, unfair, or based on an erroneous understanding or application of law. *M.W.*, ¶ 12.

¶ 16      The court made two important decisions in the course of denying counsel's motion to withdraw, and these decisions are supported by the record. First, it found that granting counsel's motion would have required it to continue the termination hearing to appoint new counsel for mother. Second, it determined that continuing the hearing would not be in the child's best interests.

¶ 17      These decisions were partially driven by the statutory expedited permanency planning provisions because the child was under the age of six. §§ 19-1-102(1.6), 19-1-123, 19-3-702(5)(c), C.R.S. 2024. This case had been open for over two years when

counsel filed the motion to withdraw, and the child had been out of the home for her entire life.

¶ 18    We are not persuaded by mother's contention that the court abused its discretion by forcing her to be represented by counsel despite an alleged conflict of interest. The motion to withdraw does not refer to one. And, although the substitute attorney said that mother's counsel could not represent mother "given the conflict," counsel never told the court that there was a conflict.

¶ 19    We are also not persuaded that the court violated mother's right to self-representation. The division and the guardian ad litem assert that mother did not preserve this assertion because, although counsel's motion to withdraw noted that mother understood that she might have to represent herself if the court could not appoint a new attorney before the termination hearing, she never expressed an actual desire to represent herself.

¶ 20    We will assume, without deciding, that counsel's statement that mother understood she could represent herself qualified as mother's request to do so. But we nonetheless conclude that the court did not err because counsel later told the court at the termination hearing that mother had chosen not to appear and that

7

mother had directed counsel how to proceed. These statements functioned as a waiver of any right that mother may have had to represent herself. *See People v. Rediger*, 2018 CO 32, ¶ 39 (waiver is the intentional relinquishment of a known right). Because we reach this conclusion, we need not address mother's connected contention that the court denied her due process rights when it denied counsel's motion to withdraw.

## III.  Ineffective Assistance of Counsel

¶ 21    Mother also contends that her counsel was ineffective because counsel did not obtain records from mother's substance abuse treatment provider and then introduce them into evidence during the termination hearing. We disagree.

## A.    Applicable Law

¶ 22    A parent has a statutory right to effective counsel in dependency and neglect proceedings. *A.R. v. D.R.*, 2020 CO 10, ¶ 47. A party can raise a claim of ineffective assistance of counsel in a dependency and neglect proceeding for the first time on appeal. *People in Interest of C.H.*, 166 P.3d 288, 291 (Colo. App. 2007).

¶ 23    To establish a claim of ineffective assistance of counsel in a termination of parental rights proceeding, a parent must show that

8

(1) counsel's performance was deficient because it fell outside the wide range of professionally competent assistance; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *A.R., ¶¶* 48-51, 60; *see also Strickland v. Washington,* 466 U.S. 668, 687 (1984). "If the parent fails to establish either prong of this test, the claim fails." *People in Interest of C.B.,* 2019 COA 168, ¶ 26.

¶ 24 Under this approach, we must remand for an evidentiary hearing if the parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel. *A.R.,* ¶ 63. If the parent's allegations lack sufficient specificity, however, we may summarily deny the ineffective assistance claim. *Id.*

## B. Analysis

¶ 25 Mother asserts that, if counsel had obtained the records from her substance abuse treatment provider, counsel could have introduced them into evidence to prove that mother engaged in substance abuse treatment for approximately two months while she was not in jail. Mother adds that this evidence would have shown a

significant change in her conduct or condition, which in turn would have persuaded the court to deny the termination motion.

¶ 26 But the court specifically considered whether evidence of mother's engagement in treatment for two months would have changed its decision to grant the termination motion. The court found that, even without the treatment provider's records, it "[did not] have any reason to doubt" that mother engaged in substance abuse treatment for the two months when she was out of jail, and it assumed that she had done so.

¶ 27 Nonetheless, the court found that a two-month period of substance abuse treatment was not enough to show that mother had adequately addressed her "severe" substance abuse issues. And the court found, with support in the record, that, in addition to mother's ongoing substance abuse issues, she was an unfit parent based on her "lack of stability and inability to meet [the child's] needs," her mental health issues, and her involvement in the criminal justice system.

¶ 28 Relying on the court's findings, we conclude that mother has not shown a reasonable probability that the result of the proceeding would have been different if counsel had obtained and introduced

10

the substance abuse treatment records into evidence. We further conclude that the allegations in mother's ineffective assistance of counsel are not sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel, *see A.R.*, ¶ 63, and we will not remand the case for any additional proceedings on that motion, *see C.B.*, ¶ 26; *A.R.*, ¶ 63.

¶ 29 The judgment is affirmed.

CHIEF JUDGE ROMÁN and JUDGE RICHMAN concur.