25CA1491 Peo in Interest of SO 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1491
Arapahoe County District Court No. 21JV431
Honorable Bonnie H. McLean, Judge

The People of the State of Colorado,

Appellee,

In the Interest of S.O., a Child,

And Concerning R.O.,

Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Ron Carl, County Attorney, Tamra White, Senior Assistant County Attorney, Alison A. Bettenberg, Assistant County Attorney, Aurora, Colorado, for Appellee

Brittany Radic, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     In this dependency or neglect proceeding, R.O. (father) appeals the juvenile court's order denying his motion for relief from judgment under C.R.C.P. 60(b).  We affirm.

## I.     Background

¶ 2     The Arapahoe County Department of Human Services sought temporary custody of S.O. (the child) shortly after his birth because the child's mother, a minor herself, was in the Department's custody and father was on pretrial supervision for pending criminal charges.  The juvenile court granted the request and the Department then filed a petition in dependency or neglect.

¶ 3     Following father's no-fault admission, the juvenile court adjudicated the child dependent and neglected and adopted a treatment plan for father.  Ten months later, the Department moved to terminate father's legal relationship with the child.

¶ 4     On the morning of the second day of the termination hearing, father's counsel advised the court that "[t]here [had] been conversations" about open adoption, and father wanted to confess the motion to terminate.  Counsel then specified that father understood that "none of that is binding until adoption has been finalized."  After advising father of his rights and asking additional

questions, the court found that father's confession was voluntary and intelligent and terminated father's legal relationship with the child.

¶ 5 Sixteen months later, father filed a motion for relief from the termination judgment pursuant to C.R.C.P. 60(b)(3) and (b)(5). Specifically, father asked the court to either enforce the terms of the open adoption agreement or allow him to withdraw his confession because he "did not receive the benefits promised in exchange for his confession to the termination motion, namely, the communication and access [to the child] promised to [father] in exchange for his confession." The juvenile court denied the motion as untimely and lacking any basis for relief under C.R.C.P. 60(b).

## II. Denial of C.R.C.P. 60(b) Motion

¶ 6 Father contends that the juvenile court erred by denying his C.R.C.P. 60(b) motion.[1] We disagree.

---

[1] We note that father's motion requested relief under C.R.C.P. 60(b)(3) and 60(b)(5). However, father clarified that he "d[oes] not argue on appeal that the judgment was void, pursuant to C.R.C.P. 60(b)(3)." Accordingly, any claim under C.R.C.P. 60(b)(3) is abandoned. *See People v. Hunsaker*, 2020 COA 48, ¶ 10.

A. Applicable Law and Standard of Review

¶ 7    C.R.C.P. 60(b)(1)-(4) permit the court to relieve a party from a final judgment or order for various enumerated reasons. C.R.C.P. 60(b)(5) permits relief from judgment for "any other reason" justifying relief. C.R.C.P. 60(b)(5).

¶ 8    A party seeking C.R.C.P. 60(b) relief bears the burden of establishing grounds for such relief by clear, strong, and satisfactory proof. *Centennial Bank of the W. v. Taylor*, 143 P.3d 1140, 1141 (Colo. App. 2006). When moving for relief pursuant to C.R.C.P. 60(b)(5), the party must do so within a reasonable time. C.R.C.P. 60(b).

¶ 9    C.R.C.P. 60(b)(5) is a residuary clause that applies only to extreme situations or extraordinary circumstances not covered by the preceding clauses. *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo. 2001); *see also In re Adoption of P.H.A.*, 899 P.2d 345, 346 (Colo. App. 1995) (finding C.R.C.P. 60(b)(5) inapplicable when the basis of a motion was the fraudulent acts and misrepresentations of the other party). This residuary exception "attempts to strike a balance between the importance of the finality of judgments and the interests of justice," *SR Condos., LLC v. K.C. Constr., Inc.*, 176 P.3d

866, 870 (Colo. App. 2007), and therefore must be interpreted narrowly, *People v. Caro*, 753 P.2d 196, 200 (Colo. 1988).

¶ 10     We review the juvenile court's denial of C.R.C.P. 60(b)(5) relief for an abuse of discretion. *See State Farm Mut. Auto. Ins. Co. v. McMillan*, 925 P.2d 785, 790-91 (Colo. 1996); *SR Condos., LLC*, 176 P.3d at 868. A court abuses its discretion "when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies or misconstrues the law." *People in Interest of E.B.*, 2022 CO 55, ¶ 14.

## B.     Rule 60(b)(5)

¶ 11     Father asserts that the juvenile court erred by finding his motion untimely and denying his relief requested. We perceive no error.

¶ 12     Father contends that the juvenile court erred by applying the six-month time frame — applicable only to C.R.C.P. 60(b)(1) and (b)(2) motions — to his motion. He also argues that the juvenile court erred by concluding his motion was untimely, given that he filed it "as quickly as possible" upon learning that there was an issue with the adoption agreement. We need not address these arguments because even if we assume, without deciding, that the

4

juvenile court erred by denying father's motion as untimely, any error was harmless because the court also analyzed, and denied, the motion on its merits. *See Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010) (holding that an error that did not substantially influence the outcome of the case was harmless).

¶ 13    Furthermore, we are not persuaded by father's argument that the court erred by denying his requests to enforce an open adoption agreement or allow him to withdraw his confession.

¶ 14    The juvenile court found that "[t]here [was] absolutely nothing in the record to support [f]ather's contention that his confession was made in exchange for an agreement for an open adoption." As a result, the court found there was no basis for his request for relief under C.R.C.P. 60(b)(5). The record supports this conclusion.

¶ 15    When alerting the court to father's intention to confess the termination motion, his counsel referenced the parties' discussions regarding an open adoption but confirmed that father "underst[ood] that none of that [was] binding until adoption ha[d] been finalized." Prior to accepting father's confession, the juvenile court asked if father understood that an open adoption was not guaranteed. And father verified his understanding of this fact. Finally, just after

father confessed his motion, the juvenile court asked the GAL if she wished to make any record. The GAL added, "I do think that [open adoption] has been discussed, although certainly not something that can be fully implemented today, nor is it guaranteed." Thus, a core element of an agreement — mutual assent to the terms — was missing from the alleged open adoption agreement that father seeks to enforce. *See Pierce v. St. Vrain Valley Sch. Dist. RE-1J*, 981 P.2d 600, 603 (Colo. 1999); *see also Univ. of Denv. v. Doe*, 2024 CO 27, ¶ 47 ("[W]ithout a meeting of the minds, there can be no contract.").

¶ 16    Father implies that an agreement had been entered because his counsel used the phrase "written conversation stipulation" when describing the parties' discussions. But counsel's full statement — "[t]here have been conversations. And although not binding at this time, open adoption, written conversation stipulation, so to speak, [y]our [h]onor, again, [father] understands that none of that is binding until adoption has been finalized" — supports the court's finding that there was no agreement. And it was after this statement by father's counsel that he confirmed, in response to the court's question, that he understood there was no guarantee of an open adoption.

¶ 17    Father endeavors to liken his confession to a plea agreement because of the "fundamental due process rights" implicated. But we are not aware of, nor does father cite, any authority applying plea agreement principles to confessions of motions to terminate. Nor would such an application be supported by the Children's Code. Unlike plea agreements, where the prosecution has the authority to extend an offer to the defendant and ask the court to adopt any resulting agreement, *see* Crim. P. 32(d); *People v. Wright*, 573 P.2d 551, 552-53 (Colo. 1978), only the adopting party (not the Department) can request an open adoption agreement under section 19-5-208(4.5)(b), C.R.S. 2025.

¶ 18    Father concedes that "the government did not have statutory authority to enter a contract involving open adoption." Even so, he asserts that the Department "induced" him into confessing by making an offer of an open adoption and, therefore, he is entitled to relief under Rule 60(b)(5). But nothing in the record supports father's claim that the Department made the initial offer of an open adoption agreement. It only shows that father's counsel had "conversations" and had spoken "with the other parties" about an open adoption. Moreover, before accepting father's confession the

court asked if anyone had forced, threatened, coerced, or done "anything at all to make" him confess. To which father responded "[n]o."

¶ 19 Based on the foregoing, we conclude that the juvenile court didn't abuse its discretion by denying father's motion for relief from judgment.

## III. Ineffective Assistance of Counsel

¶ 20 Father alleges that his counsel provided ineffective assistance because counsel failed to advise him of the statutory provisions that contradicted the terms of the contemplated open adoption agreement and, therefore, he was unable to make an informed decision before confessing to the termination motion. We are not persuaded.

### A. Relevant Law

¶ 21 A parent has a statutory right to appointed counsel in dependency and neglect proceedings. §§ 19-1-105(2), 19-3-202(1), C.R.S. 2025. A parent's statutory right to counsel includes the right to effective assistance of counsel. *A.R. v. D.R.*, 2020 CO 10, ¶ 47.

¶ 22 We employ the same *Strickland* test that is used in criminal cases to evaluate ineffective assistance of counsel claims in dependency and neglect proceedings. *See id.* at ¶¶ 48, 60 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under this test, to establish a claim, the parent must show that (1) counsel's performance was outside the wide range of professionally competent assistance, and (2) the parent was prejudiced by counsel's deficient performance — that is, there is a reasonable probability that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at ¶¶ 48-49, 60. "If the parent fails to establish either prong of this test, the claim fails." *People in Interest of C.B.*, 2019 COA 168, ¶ 26.

¶ 23 We must remand for an evidentiary hearing if the parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel. *A.R.*, ¶ 63. But if the parent's allegations lack specificity, we may summarily deny the ineffective assistance claim. *Id.*

## B. Preservation

¶ 24 The Department and GAL urge us to decline to address this argument because father did not submit it at the first "full and fair

opportunity" immediately after the juvenile court terminated his legal relationship with the child. *Id.* at ¶ 2. However, we need not decide this issue because, even if father's contention is properly before us, the result would be the same.

## C. Analysis

¶ 25 Even if we assume, without deciding, that father's counsel did not initially advise him of the statute governing open adoption agreements, he does not meet the prejudice prong of the *Strickland* test.

¶ 26 Father asserts that "had [his] counsel been aware of . . . statutory provisions and fully advised [him,] . . . he would not have accepted an agreement which was impermissible under statute." But father's argument is directly refuted by the record. As described above in section II.B, counsel confirmed father's understanding that an open adoption was not "binding." Father didn't contradict counsel. And the court separately advised father that an open adoption was not guaranteed. Finally, after confirming his understanding of this fact as well as his understanding that he could not "take [ ] back" his decision to "permanently terminate" his parental rights, father proceeded to

10

confess the termination motion.  In other words, regardless of why the open adoption did not proceed as father expected, father was fully advised of this risk prior to entering his confession.

¶ 27     For these reasons, we conclude that father has not raised sufficiently specific and compelling allegations of prejudice to constitute a prima facie showing of ineffective assistance of counsel. *A.R.*, ¶ 63.  And we therefore reject his claim.

## IV.   Disposition

¶ 28     The judgment is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.